COMMERCIAL ASSURANCE COMPANY (LIMITED) OF LONDON

*v.*

NEW JERSEY RUBBER COMPANY.

[Filed May 18th, 1901.]

1. Finding in an action on a fire policy that it was intended to be issued and delivered in its present form, when the parol condition that concurrent insurance be obtained was complied with, precludes a contention, in a suit to enjoin the judgment, that the agreement was that the condition be written in the policy.

2. Facts occurring and being within complainant's knowledge before the filing of the original bill, should be introduced by application to amend the bill, and, being introduced by supplemental bill, render it demurrable so far as based thereon.

3. In equity, as well as at law, cancellation by the insurer, of its own accord, of a fire policy, and retention of the *pro rata* proportion of the premium as on a valid policy, as allowed by the policy, is an affirmance of the validity of the policy.

4. No different effect than an affirmance of the validity of a fire policy is to be given to cancellation thereof, after a fire, by the insurer, of its own accord, and retention of the *pro rata* proportion of the premium, as on a valid policy, by the declaration of the insurer that the cancellation was made expressly subject to the final settlement of the claim for loss,

and that in retaining the earned premium and returning the balance it did not intend to recognize the policy as binding for any greater proportion of the loss than its *pro rata* share, and that it protested it was not liable for any greater amount, and was not to be understood as assuming any greater liability than the *pro rata* amount offered by it, and that this was understood and assented to by insured.

On demurrer to supplemental bill.

*Mr. Richard S. Kuhl* and *Mr. John Rellstab,* for the demurrant.

*Mr. Richard V. Lindabury,* for the complainant.

EMERY, V. C.

. The original bill was filed to reform an insurance policy issued by complainant to defendant, and to enjoin an action at law brought to recover a loss under the policy. The policy was issued for $25,000, and the amount covered by the policy was divided among several buildings of defendant and their contents, one of the buildings being a frame storehouse, which, with its contents, was insured for $5,000. This storehouse was destroyed by fire on October 21st, 1897, during the term of the policy, which ran from August 1st, 1897, to August 1st, 1898, and a total loss on this building resulted. The policy, as written, contained a clause that "other concurrent insurance was permitted without notice until requested," and contained no other clause as to concurrent insurance. Complainant's bill alleged that the real agreement between the parties as to the insurance was that certain other insurance, to the additional amount of $84,500, should be taken out by the defendant upon all the property to be insured by complainant, and that complainant's insurance was to be exactly concurrent and proportionate with the other insurance to be effected, but that the insertion in the policy of this part of the agreement was omitted, on complainant's part, by its mistake in supposing and believing that the defendant was, in fact, taking out other policies of insurance concurrently with the complainant's policy, in such form as to be, in effect and in operation of law, concurrent and propor-

tionate on all the property insured by complainant. As to defendant's intention in reference to the form of the policy, it is alleged that it either had the same mistaken belief, or else that it fraudulently concealed the fact that concurrent and proportionate policies on all the property insured were not so taken out. These policies in other companies, although taken out by the defendant, were not, in fact, concurrent or proportionate on all the property covered by complainant's policy, but, on the contrary, did not cover at all the frame storehouse and its contents, which were specially hazardous risks. After the loss, the complainant, as its bill further alleged, offered to pay its proportionate share of the $5,000, as if based on a concurrent and proportionate insurance with the other policies, but defendant refused to accept this amount, and brought suit to recover the entire amount of the loss on the storehouse and its contents. Complainant's bill offered to pay such proportionate amount and sought to enjoin the suit on the policy and from recovering in said suit more than the proportionate share, to reform the policy to conform to the agreement under which it was issued and for general relief. Defendant's answer to the bill denied the alleged agreement for concurrent and proportionate insurance, or the making of any other agreement for insurance than the one appearing by the policy itself. Upon an application for preliminary injunction, heard upon bill, answer and affidavits, it was ordered that the application stand over until after the trial of the action at law. This order was made for the reason that the complainant, on the hearing, was not prepared to admit legal liability on the policy, and (as appears in the order) that the complainant claimed to have legal defences to the action at law, outside of the facts presented as the basis for equitable relief, and also, upon the ground that the facts presented as a basis for equitable relief might also be held sufficient defences at law. The action at law then proceeded, and the complainant (as the defendant therein) set up as defences (1) concealment of material facts, (2) misrepresentation of material facts, (3) that at the time of the delivery of the policy the rubber company falsely represented to the insurance company that concurrent and proportionate policies were being taken out, and (4) that

the delivery of the policy to the rubber company was upon the condition that it was not to take effect unless and until the rubber company procured other concurrent and proportionate insurance to the amount of $84,500 in certain companies named. In the action at law, after hearing and considering the evidence offered by the defendant in the action to sustain these defences, it was finally determined, as appears by the opinion of the court of errors and appeals, set out in the supplemental bill, that these defences were sustained, and that the policy of insurance was void at the time of its issue—*first,* upon the ground that the insured represented to the insurance company that it was procuring other insurance to the amount of $84,500, concurrent and proportionate with the insurance company's insurance, which representation was material and was relied on, and was false in fact, and *second,* upon the further ground that the policy was delivered and accepted upon the understanding and condition that it was not to take effect or become binding upon the insurance company unless and until the rubber company purchased other insurance upon the same property concurrent and proportionate to that effected by the policy to the amount of $84,500, and that the rubber company failed and neglected to perform this condition. This decision at law upon the facts settles, as between the parties, conclusively and for all purposes, including this suit, the agreement, conditions and terms upon which the policy was issued and delivered in its present form. And thus settled by the trial at law, this agreement was that the policy was issued in its present form upon the representation and condition that other concurrent and proportionate insurance was being taken out, and that the policy was not to take effect unless and until such insurance was taken out. This finding, that the policy was intended by the parties to be issued and delivered as a binding policy in its present form, when the condition was complied with, necessarily precludes, as it seems to me, either party from alleging or proving thereafter, in this or any other suit, that there was any mistake upon the part of either party in relation to the form of the policy, or that the real agreement was that the agreement as to concurrent and proportionate insurance should be written into the policy. Complainant's original

bill alleges the delivery of the policy under its mistake, not as to the form of the policy, or its belief that this clause as to concurrent and proportionate insurance had been inserted, but expressly alleges that, on its part, this clause was omitted by a mistake of the complainant in supposing and believing that the said mutual companies' policies were being issued in such form as to be, in effect, concurrent and proportionate with the said contract of insurance being made between complainant and defendant. The relief, under the orignal bill, could not, therefore, have been a reformation of the policy for the purpose of inserting the concurrent clause, and as to relief against the contract, based merely on the mistake which was set out in the bill, as the basis of jurisdiction, the decision of the courts of law shows that interposition of a court of equity was neither necessary nor justifiable for relief against the original contract, but that relief against the contract, to an extent as great or greater than a court of equity would have granted, was obtainable in a court of law, which does not impose conditions of relief. So far as relates to relief upon the original bill, which was based on mistake, the case has been conclusively disposed of by the judgment of the court of law, finding the mistake to have existed and declaring the contract of insurance, by reason of the mistake, in connection with other facts, void at the time of its issue. The further interposition of this court to restrain the judgment finally entered in favor of the rubber company in the action at law must, therefore, be based upon the additional facts relating to the contract of insurance, which appear in the supplemental bill. These facts, although they existed at the time of filing the original bill, were first disclosed in the action at law, and were there made the basis for a decision that the policy was binding on the complainant, notwithstanding it had been originally void. The policy, as issued, contained the following provision as to cancellation, viz. :

"This policy shall be cancelled at any time at the request of the insured, or by the company by giving five days' notice of such cancellation. If this policy shall be cancelled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this com-

pany retaining the customary short rate.   Except that when this policy is cancelled by this company by giving notice, it shall retain only the pro rata premium."

After the loss by fire in October, 1897, the complainant paid its proportionate share of the loss covered by its policy, to property other than that in the frame warehouse and its contents; and on November 25th, 1897, canceled its policy, retaining the premium theretofore received from the defendant as upon a valid policy, so far as the same was earned up to that date, and returning the *pro rata* unearned premium on the full amount—$25,000—insured by the policy.   In reference to this cancellation of the policy and its effect upon the rights of the company, the court of law, upon the evidence before it in reference to the cancellation, decided as follows: "*Third.* That by cancelling the said policy of insurance and paying back the unearned premium, but retaining so much of the premium as would have been earned by valid insurance from the date of the policy until the time of cancellation, the complainant had affirmed the validity of the said policy and could not in said action successfully deny the same." For this reason the judgment for the plaintiff for the full amount of the loss sued for was affirmed.   Complainant's supplemental bill for the first time discloses these facts as to the cancellation of the policy which occurred before filing the original bill in March, 1898, and should regularly have been then disclosed.   The facts having occurred, and being well within complainant's knowledge, before the filing of the original bill, are not strictly matters upon which a supplemental bill, or bill in the nature thereof, can be based.   As the basis for relief they could only be introduced regularly by an application to amend the bill after notice, and if made the subject of a supplemental bill, render it subject to a demurrer, so far as the relief sought by the supplemental bill is based thereon.   *Barriclo* v. *Trenton, &c., Insurance Co., 2 Beas. 154, 158.*   But without disposing of the case on objections to the formal method of bringing the facts to the attention of the court, the final question presented for decision on the substantial merits of the supplemental bill, is this, viz., can a

court of equity, after the trial at law upon the question of the waiver of the invalidity of the policy by the acts of the complainant, retry this question, either as to the facts involved, or for the purpose of giving a different effect on the policy or contract of the parties, to the acts of waiver, from the effect given by the court of law? Or, in other words, can a court of equity give any other or different effect from that given in a court of law, to the cancellation of the policy by the company and its retention of the earned premium, as on a valid policy? The effect to be given at law to such a cancellation was stated by the court of errors and appeals in the opinion filed in the cause. *New Jersey Rubber Co.* v. *Commercial Union Assurance Co., 35 Vr. 580 (1900).* "Clearly the defendant [the insurance company] could not assert a right to the premium for valid insurance, and at the same time insist that the insurance had never been effected. By claiming and maintaining such a right [of retention] with full knowledge of all material circumstances, it unequivocally affirmed the validity of the insurance for the period covered by the premium, and definitely waived every objection on which its validity could be denied." A court of equity cannot, in my judgment, give any other or different effect to this cancellation and retention of the premium, proceeding, as it does, solely under the rights reserved by the policy to the company against the insured. By such cancellation of its own accord, a right derived solely from the policy, which the insured was bound to accept, if it also stood by the policy, the complainant has, in my judgment, as well in equity as at law, affirmed the validity of the policy in its form at the time of cancellation, and cannot escape like consequences for this action by any appeal to different courts. No authority has been referred to supporting the contention that on the determination of questions of this character (the effect of a waiver of the invalidity of a policy) a court of equity proceeds upon principles different from that of courts of law, and I know of no difference in the principles to be applied in the two courts for the decision of such question. The whole subject of the existence and effect of such waivers is one which courts, both of law and equity, decide upon principles which

may be characterized, perhaps, as equitable principles.    The decision of the court of errors and appeals in, this action is, therefore, in my judgment, conclusive between the parties, not only as to the existence of the waiver, but as to the effect to be given to it, and no other or different effect can be given to the waiver by any rehearing of the question in this court.    And the decision of the court of errors and appeals is also conclusive upon this court, if it be considered merely as a rule declaring the effect to be given to a waiver of this character, and this rule, irrespective of the question of the parties to the suit, would, in my judgment, necessarily be followed by this court, even if the question between the present parties, as to the effect of the waiver, had been raised upon a bill for relief in equity, presented after the decision of the court of errors and appeals upon this question, and before any trial at law between the parties.    There are allegations in the supplemental bill that the cancellation was made "expressly subject to the final settlement of the claim for loss," and that in retaining the earned premium and returning the unearned premium, complainant did not intend to recognize the policy as a binding obligation for any greater sum or proportion of the loss than its *pro rata* share, and that it protested that it was not liable for any greater amount, and was not to be understood by any of its acts or offers as assuming any greater liability than the amount so offered; and that this was well understood by the defendant and assented to by it.    It is urged that these allegations, by the company itself, as to the intention and effect of the exercise of its rights which it had under the policy (if it chose to insist on the existing policy rights) controlled the effect of the exercise of these reserved rights.    This doctrine cannot be admitted.    Having exercised its rights to cancellation, as under the policy, in its then existing form, it was not possible for the complainant, by its own declarations, to control or limit the effect of the cancellation and retention.    There is also a general allegation in the bill, at the end of these clauses as to the payment under protest, that "all of which was well understood by the defendant and was then and there assented to by it;" and it is contended that this allegation, taken in connec-

tion with the preceding, make out a ground of equitable relief against the judgment at law. But this general allegation, either taken alone or in connection with the preceding allegations, does not disclose any such equitable case against the defendant as deprives it of the right to insist on the proper legal and equitable effect to be given to a cancellation of the policy, and retention of a premium which was not made at its request, suggestion or inducement, and which it was impossible for it to prevent. Nor does it show any grounds estopping defendant from insisting upon the conclusiveness of the subsequent judgment of the court of law, as to the effect to be given in this court to the cancellation and retention.

I reach the conclusion, therefore, that on the facts disclosed by the supplemental bill, no equitable case is made out, and the demurrer must be sustained.