KOMULA and others, Respondents, vs. GENERAL ACCIDENT, FIRE & LIFE ASSURANCE CORPORATION, LTD., OF PERTH, SCOTLAND, Appellant.

*April 25—May 15, 1917.*

*Reformation of contracts: Employer's liability insurance: Misnomer of insured: Failure to discover mistake: Estoppel: Employee or independent contractor? Payment of loss "in money."*

1. A court of equity has power to reform a contract so as to correct a misnomer of a party, and in so doing it does not make a new contract or substitute one party for another.
2. An application for workmen's compensation insurance was made on behalf of plaintiffs, a firm doing business as the, J. K. Co., but through a mistake the policy was issued by defendant to "J. K., an individual."   It was delivered in December, 1913, to one of the partners, who put it in a safe without reading it. The partners were all Finlanders, unfamiliar with business of that nature and, except one, unable to read or write English. J. K. as an individual had no employees and had no benefit of the policy.   In February, 1914, an employee of the firm was injured, and in December, 1915, after proceedings of which defendant had notice, an award made by the industrial commission and confirmed by the circuit court was paid by the firm to said employee.   In March, 1916, this action was brought to re-

form the policy and recover the amount of such award. *Held,* that the failure to discover the error in the policy was excusable and that plaintiffs were not estopped. *Bostwick v. Mut. L. Ins. Co.* 116 Wis. 392, distinguished.

3. The fact that the compensation of a man subject to the general direction of an employer is fixed on the basis of the amount of work done rather than on the amount of time spent, is not controlling in determining whether he is an employee or an independent contractor.

4. Where an award to an injured employee was paid to him partly in cash, and the remainder ($450) by the conveyance to him of land of the 'fair market value of $450, which he wished to purchase and which it was agreed that he would accept in lieu of said sum, and there was nothing to indicate collusion or bad faith in the transaction, there was a substantial compliance with a condition in an indemnity insurance policy that the loss should have been paid by the employer "in money."

APPEAL from a judgment of the circuit court for Waukesha county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

The John Komula Company is a firm consisting of *John Komula,* his sons and sons-in-law, and is engaged in the business of logging. The firm purchased a tract of timber in November, 1912, and in September, 1913, they requested Morner, from whom they purchased the timber, to take out a policy of workmen's compensation insurance for them. Morner made such application to the agent of the defendant company at Phillips. Morner testified that he gave the name of the insured as John Komula Company. Defendant's agent denied this and claimed the application was in the name of *John Komula* individually. The application was made over the telephone. The written application was signed by the agent of the company and in it the name was given as *John Komula.* The application was sent to the defendant, and shortly thereafter a policy was issued to *"John Komula,* an individual," and was delivered to *Gust Komula,* one of the partners, who put it in a safe without reading it. February 7, 1914, one Stewart, an employee of the plaintiffs, received an injury resulting in the loss of an eye. In October, 1914,

Stewart filed an application with the industrial commission to recover compensation for his injury, naming *John Komula* as respondent. The complaint was answered by John Komula Company. The defendant company, having notice of the proceeding, filed with the industrial commission an answer on behalf of *John Komula.* In November, 1914, the commission entered an award against the John Komula Company and the defendant. An action to review the award was begun by both respondents. Upon the hearing the circuit court for Dane county affirmed the order of the commission as to the John Komula Company and reversed it as to the defendant company on the ground that said company was not a party to and had not appeared in said proceeding. On December 31, 1915, the award, amounting to $1,283.73, was paid voluntarily, $833.73 being paid in cash and $450 being paid by the company deeding to Stewart a certain quantity of land which it is agreed and admitted was worth $450.

This action was begun in March, 1916, to reform the policy of insurance issued by the defendant company and to recover the amount paid by the plaintiff to its employee, Stewart. The case was tried by the court. The court found that the application was made on behalf of John Komula Company and found other facts substantially as stated. Judgment was entered reforming the policy and for $1,283.73, with interest from December 31, 1915. From this judgment defendant appeals.

For the appellant there was a brief by *Lines, Spooner, Ellis & Quarles* and *James T. Guy,* all of Milwaukee, and oral argument by *Charles B. Quarles.*

For the respondents there was a brief by *Tullar & Tullar* of Waukesha, and oral argument by *D. S. Tullar* and *M. S. Tullar.*

RosenBerry, J. It is contended (1) that a court of equity cannot modify a contract so as to work a substitution of

parties; (2) that plaintiffs are estopped by the retention of the contract an unreasonable length of time without objection; (3) that the findings are not supported by the evidence; (4) that Stewart was not an employee within the meaning of the Compensation Act, but was an independent contractor; (5) that plaintiffs at most can recover only the amount paid in cash, $832.73.

1. It is urged that a court of equity cannot reform a contract so as to work a substitution of parties. Under the facts in this case we are of the opinion that this rule has no application here. There was no attempt to make a new contract or to substitute one party for another, but to make the contract speak the truth and set forth the contract actually made. There was but one contract made, and under the findings of the court that was the contract made by John Komula Company. The court has ample power to compel the reformation of the contract so as to correct a misnomer, and in so doing it does not make a new contract or substitute one party for another.

2. It is claimed that the plaintiffs are estopped under the doctrine of *Bostwick v. Mut. L. Ins. Co.* 116 Wis. 392, 89 N. W. 538, 92 N. W. 246. We think the situation in the instant case is clearly distinguishable from that in *Bostwick v. Mut. L. Ins. Co.* In this case there is no dispute as to the contract which was in fact to be delivered. It is claimed upon one side that there is an error in the description of the parties, and it is claimed upon the other side that no such error exists. The fact has been found adversely to the contention of the defendant. The defendant is not injured, and the plaintiff or *John Komula* has gained nothing. It being an undisputed fact that *John Komula* had no employees individually, he therefore accepted no benefits under the contract. If *John Komula* were at the same time carrying on business as an individual and had had the benefit during the interim of the policy of insurance as issued in this

case, a different situation would be presented. We think the plaintiffs were not estopped and that their failure to notice the error in the contract was excusable, as found by the trial court; it appearing that the plaintiffs were all Finlanders, none of them able to read or write English except *Gust,* who had a limited knowledge of the language, and all were unfamiliar with the conditions under which business of this character is done.

3. Other objections are made which amount to a contention that the findings are not supported by the evidence. A careful examination of the evidence convinces us not only that the court was not clearly wrong, but that it was clearly right, and its findings are amply supported.

4. It is contended that Stewart was not an employee, but was an independent contractor. The trial court affirmed the finding of the industrial commission holding that Stewart was an employee and not an independent contractor. Even if the judgment of the circuit court is not binding upon the defendant because the defendant was not properly a party, an examination of the record convinces us that the question was correctly decided. The fact that the compensation of a man subject to the general direction of an employer is fixed on the basis of the amount of work done rather than on the amount of time spent, is not controlling.

5. The court found and the undisputed fact is that the tract of land conveyed to Stewart was of the fair market value of $450. The purpose of the clause in the policy of insurance requiring the loss to be paid in money is correctly stated by the defendant to be as follows: "The purpose of the insurer in framing this clause was to protect itself against fraud in the payment of losses." There are no circumstances indicating that there was any collusion or bad faith in the transaction. Stewart desired to purchase the land; the plaintiffs desired to sell it, and as a part of the payment of the award it was agreed that the land should be accepted in

lieu of the sum of $450. Had the plaintiffs paid the full amount and Stewart immediately handed back $450 and received the deed in question, the terms of the policy would have been literally complied with. Under the facts in this case, we think the provisions of the policy were substantially complied with, and that plaintiffs may recover the full amount of the award.

*By the Court.*—Judgment affirmed, with costs.