## JAMES H. MADDEN v. INTERSTATE BUSINESS MEN'S ACCIDENT ASSOCIATION.[1]

### December 14, 1917.

### No. 20,364.

**Insurance — waiver of forfeiture for false representation.**

A policy of accident insurance provided that the insurer might at any time cancel the policy upon a return of the unearned portion of

[1]Reported in 165 N. W. 482.

the premium paid.  In the application the insured made a false representation of a character giving the insurer a right of forfeiture. After an accident the insurer, with knowledge of the false representation, canceled the policy under the provision mentioned returning the premium unearned at that time.  It is *held* that the facts stated evidence as a matter of law a waiver of forfeiture upon the ground of the misrepresentation in the application.

Action to recover $328.57 upon an accident insurance policy.  The answer alleged false representations in the application for insurance. The case was tried in the district court for Waseca county before Childress, J., and a jury which returned a verdict for defendant.  From an order denying plaintiff's motion for a new trial, he appealed.  Reversed.

*Moonan & Moonan,* for appellant.

*Robert M. Haines, Kerr, Fowler, Schmitt & Furber* and *Henry M. Gallagher,* for respondent.

DIBELL, C.

This is an action to recover on a policy of accident insurance.  There was a verdict for the defendant.  The plaintiff appeals from the order denying his motion for a new trial.

In his application the plaintiff represented that he was free of a specific disease and was not deformed or crippled.  The representation was material.  Evidence was offered tending to show that it was untrue. The general verdict for the defendant necessarily includes a finding that a false representation was made.  It is not seriously urged that the evidence does not sustain such findings.  The only question important upon this appeal is whether there was evidence for the jury upon the claim of the plaintiff that the defendant waived the forfeiture resulting from the misrepresentation.  The plaintiff claims that when the company, after the loss and with knowledge of the misrepresentation, canceled the policy under a provision in it authorizing a cancelation at any time upon the return of the unearned premium, it waived a forfeiture.

The policy was issued on July 31, 1914, and the accident happened on March 17, 1915.  The policy contained this provision:  "The association may cancel this policy at any time by written notice delivered to the insured or mailed to his last address as shown by the records

of the association, together with cash or the association's check for the unearned portion of the premium actually paid by the insured, and such cancelation shall be without prejudice to any claim orginating prior thereto." Prior to August 6, 1915, the company learned of the misrepresentation, or at least was charged with knowledge of it. On that date, acting under the provision of the policy quoted, it sent to the plaintiff its check for $1.22, which was the amount of the premium then unearned, with a statement that it canceled the policy. The reason assigned for the cancelation was the existence of a rule of the company "requiring retirement from risk after a serious illness or disability whereby the possibility of future disablement is increased."

It is claimed by the plaintiff that this cancelation was a waiver of its right to assert a forfeiture for misrepresentation. The argument is that the act of cancelation, including a return of the premium unearned and a retention of that earned as if the policy were then in force, was a concession that valid insurance then existed.

The false representation did not make the policy absolutely void. It was voidable at the election of the company. Schreiber v. German American H. Ins. Co. 43 Minn. 367, 45 N. W. 708. This is elementary. It might choose to ratify the policy and waive the right of forfeiture. To constitute a waiver the law in this state is, though it is not so everywhere, that there need not be a new agreement or the presence of the elements of a technical estoppel. Mee v. Bankers' Life Assn. 69 Minn. 210, 72 N. W. 74. If the insurer chooses, with full knowledge of the ground of forfeiture, to consider the policy in force and makes an election accordingly it cannot insist upon a forfeiture. It has waived it. We are not concerned with the right of the company having received payment without notice of the misrepresentation to retain it and rest upon a forfeiture when sued upon the policy. That right may be admitted. Parsons, Rich & Co. v. Lane, 97 Minn. 98, 106 N. W. 485, 4 L.R.A. (N.S.) 231, 7 Ann. Cas. 1144. The plaintiff does not rest his case upon a contention to the contrary. It may be noted that the law in this state in accord with that elsewhere is that when a policy is canceled for a false representation preventing the attaching of the risk the insured is entitled to a return of the premium, unless the representation was fraudulent, in which case he is not. National Council of K. & L. of

S. v. Gerber, 131 Minn. 16, 154 N. W. 512; Taylor v. Grand Lodge A. O. U. W. 96 Minn. 441, 105 N. W. 408, 3 L.R.A.(N.S.) 114. The defendant alleged that the representation was fraudulent. The general verdict does not determine whether it was fraudulent or innocent. The cancelation was not because of a misrepresentation preventing the policy attaching. It was made by virtue of the quoted provision of the policy.

A case very closely in point upon the principle involved is New Jersey Rubber Co. v. Commercial Union Assur. Co. 64 N. J. Law, 580, 586, 46 Atl. 777. The facts were these: The defendant issued its policy to the plaintiff in the sum of $25,000, and the plaintiff agreed to procure from other insurers policies on the same property to the amount of $75,000 which should be concurrent and proportionate with the policy of the defendant. When the plaintiff accepted the $25,000 policy it in effect represented that it had other concurrent and proportionate insurance to the amount of $75,000. This was a material representation and it was false and it was a ground of forfeiture. After the loss the defendant for the first time became aware of the misrepresentation. Negotiations followed. Later the defendant gave the plaintiff notice in conformity with the terms of the policy that it would cancel the policy, and it paid the plaintiff the unearned premium, re·taining the pro rata premium for valid insurance to the amount of $25,000 from the date of the policy to the date of the cancelation. It did not assert a forfeiture for the misrepresentation. This was held to constitute a waiver and this is what the court said: "Clearly the defendant could not assert a right to the premium for valid insurance, and at the same time insist that the insurance had never been effected. By claiming and maintaining such a right, with full knowledge of all material circumstances, it unequivocally affirmed the validity of the insurance for the period covered by the premium, and definitively waived every objection on which its validity could be denied. Although, in giving notice of cancelation the defendant stated that the cancelation was made subject to the final adjustment of the claim by reason of the preceding fire, nevertheless the action of the defendant put an end to any possible denial of the contract as one of the elements in such adjustment."

In Commercial Assur. Co. v. New Jersey Rubber Co. 61 N. J. Eq. 446, 452, 49 Atl. 155, 157, the same policy was involved. This was an action in equity to reform the policy and to enjoin an action at law upon it. In referring to the cancelation the court said: "By such cancelation of its own accord, a right derived solely from the policy, which the insured was bound to accept, if it also stood by the policy, the complainant has, in my judgment, as well in equity as at law, affirmed the validity of the policy in its form at the time of cancelation, and cannot escape like consequences for this action by any appeal to different courts." This case was reversed by the court of appeals and errors in Commercial Union Assur. Co. v. New Jersey Rubber Co. 64 N. J. Eq. 338, 51 Atl. 451, but upon the point that the determination of the court in the action at law was not res adjudicata in the action to reform.

Home Fire Ins. Co. v. Kuhlman, 58 Neb. 488, 493, 78 N. W. 936, 76 Am. St. 111, is of a somewhat similar character. The insured forfeited his policy by allowing the property to become vacant. A fire loss occurred. Afterwards and with knowledge of the right of forfeiture the insurer canceled the policy and returned the unearned premium. Referring to the right of the company to cancel because of the vacancy, and the effect of its cancelation after loss without avoiding the policy for the violation of its terms and from the date of such violation the court said: "So in this case, the defendant had a right, on being informed that a condition of the policy had been broken, to treat the policy as of no effect from the date of the breach. If there was a forfeiture of which the defendant had taken advantage then there was no contract to cancel for it had already ceased to exist. It was dead. * * * And if the company had taken advantage of the forfeiture, there was no unearned premium which the plaintiff was entitled to receive. * * * If the defendant had not waived its right to claim a forfeiture, it is * * * difficult to understand its insistence that there was an unearned premium. * * * It is equally incomprehensible why the company should so persistently seek to rescind the contract if, by reason of the forfeiture, it was already lifeless and incapable of rescission."

What the defendant did in the New Jersey case, and substantially the same was done in the Nebraska case, was to proceed in its cancelation as if the policy were valid until the date of cancelation, and therefore

at and subsequent to the loss, disregarding the misrepresentation which it might have used as a basis of forfeiture, and canceling in accordance with the terms of the provision of the policy. That is what was done here. The company's conduct was a conclusive concession that the policy was in force, and that no right of forfeiture was claimed, when the cancelation was made. There must be a new trial and upon such evidence as is now before us the jury should be instructed that the policy was in force at the time of the accident.

For the purposes of this appeal it is not necessary to consider the waiver claimed to result from the defendant's insisting after the accident and with knowledge of the misrepresentation upon an examination of the plaintiff's person in accordance with the terms of the policy.

Order reversed.