[No. 14741. Department Two. June 18, 1918.]

## J. H. FITZGERALD et al., Respondents, v. THE CITY OF CENTRALIA, Appellant.[1]

MUNICIPAL CORPORATIONS—STREETS—DEFECTS—ACTIONS— EVIDENCE —ADMISSIBILITY. In an action for injuries sustained upon a defective sidewalk, photographs introduced to meet the city's contention that the street was not a public thoroughfare are not inadmissible because they show a changed condition, a new board put in place of the old board which was already in the case as an exhibit.

APPEAL—REVIEW— HARMLESS ERROR — EXHIBITS — IDENTIFICATION. Failure to allow cross-examination at the time of the identification of an exhibit is merely an irregularity, where full opportunity was given later and the witness was cross-examined regarding the identification.

APPEAL—RECORD—EXCEPTIONS. Error cannot be assigned upon the failure to give an instruction, where no exception thereto appears in the record.

APPEAL—REVIEW—MISCONDUCT OF JUDGE. The utterance by the trial judge of an impatient remark cannot be assigned as error, if it was not error or prejudicial.

Appeal from a judgment of the superior court for Lewis county, Reynolds, J., entered October 8, 1917, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained through a defective sidewalk. Affirmed.

*Gus L. Thacker* and *Wm. R. Lee,* for appellant.

*Forney & Ponder* and *C. D. Cunningham,* for respondents.

MACKINTOSH, J.—The city of Centralia appeals from a judgment entered upon the verdict of a jury in a case brought to recover damages for personal injuries sustained by the respondent when she tripped and fell over a board in one of the sidewalks of the city. The complaint having been served upon the city clerk in-

[1]Reported in 173 Pac. 631.

stead of the mayor, the appellant appeared specially and objected to the jurisdiction of the court, but this special appearance was waived by general appearances made by the appellant, both at the time of and subsequent to the attempted special appearance.

At the trial, photographs were introduced in evidence showing the sidewalk in the vicinity and at the place where the respondent's injury occurred, and during the examination of one of the witnesses concerning these photographs, it was testified "that it did not look like it did on the day of the injury. There is a new board put in." It is contended that this presented to the jury the fact that subsequent repairs had been made, and was therefore prejudicial error. The photographs were not introduced for the purpose of showing subsequent repairs, but were introduced to meet the contention of the appellant that the street in question was not a public thoroughfare, and for the purpose of proving a general, open and notoriously defective condition of the walk, as well as tending to prove the recognition of the thoroughfare as a street by the city. In doing this the witnesses testifying as to the photographs were properly asked to state whether the condition portrayed was in fact the same condition that existed at the time of the injury, and, in answer to that question, it appeared that another board had been substituted for the one over which the respondent fell; this testimony was not presented as evidence of subsequent repairs, but as explanatory of the exhibits. That there must have been a changed condition had already appeared in the testimony in another way, by reason of the fact that the board over which she fell was then in court as an exhibit in the case. The objections to the introduction of the exhibits and to the testimony regarding them were properly overruled.

Upon the production of the board it was identified, at least by *prima facie* evidence, as being the one in the walk at the time of, and which had caused, the injury, and it was admitted in evidence. The appellant was not allowed to interrupt the direct examination of the witness for the purpose of inquiring as to her identification of the proposed exhibit, but was given that opportunity at the time of regular cross-examination. This is alleged as error. It would have been better practice to have permitted the appellant to examine the witness at the time the exhibit was offered and before its acceptance in evidence, rather than to postpone that examination until the regular cross-examination, but it was a mere irregularity, as the appellant had full opportunity to subsequently cross-examine and have the exhibit withdrawn, had facts developed sufficient to justify that result. The appellant did cross-examine the witness regarding her identification of the exhibit, but thereafter made no motion for its exclusion. Therefore, there was no prejudice resulting from the court's action.

Error is assigned upon the refusal of the court to give a proposed instruction, but as the statement of facts and record do not disclose any exception to this refusal to instruct, we cannot consider this assignment. *Coffey v. Seattle Elec. Co.*, 59 Wash. 686, 109 Pac. 202.

At the time appellant was taking exceptions to certain rulings respecting testimony, the court inadvertently gave utterance to an impatient remark, which, however, did not transgress to the extent of being an error, and certainly was not of sufficient importance to have been prejudicial. Trial judges (and possibly appellate ones) are human beings and are not to be held to commit reversible error if they occasionally mildly manifest the very human quality of impatience. They

may be allowed the benefit of the plea *"molliter manus imposuit."*

Finding no error in the record, the judgment of the lower court is affirmed.

MAIN, C. J., MOUNT, HOLCOMB, and CHADWICK, JJ., concur.