MARIE SUNDIN v. COUNTY FIRE INSURANCE COMPANY OF PHILADELPHIA AND OTHERS.

COUNTY FIRE INSURANCE COMPANY OF PHILADELPHIA, APPELLANT.[1]

November 7, 1919.

No. 21,397.

**Appeal and error — denial of continuance sustained.**

1. A trial court has considerable latitude in passing on an application for a continuance. Its action will not be reversed on appeal except for an abuse of discretion. Upon the showing made in this case, there was no abuse of discretion in denying an application for a continuance.

**Reformation of insurance policy — wife's name substituted for husband's.**

2. In the course of negotiations between plaintiff's husband and the agent of a fire insurance company for a policy covering property owned by plaintiff, the agent was informed that the property belonged to plaintiff and that the title was in her name. The court found that it was mutually intended by the husband and the agent of the insurance company that the wife should be named in the policy as the person assured, and that, through oversight and inadvertence on the part of the company, the husband's name was written in the policy instead of the wife's, without knowledge of the mistake on the part of either the husband or the wife. *Held*: That the trial court was right in holding that there should be a reformation of the policy by substituting in the policy

[1]Reported in 174 N. W. 729

the name of the wife for that of her husband as the person insured thereby.

**Character of buildings burned.**

3. The evidence shows that one of the buildings insured was occupied as a dwelling house and the other as a barn when destroyed by fire.

**Wife not estopped by husband's allegation of title.**

4. A prior action brought on the policy by plaintiff's husband, in which he asserted ownership of the property, she not being a party to the action and not having authorized her husband to bring it, did not estop her from maintaining an action for the reformation of the policy and a recovery thereon in her own right, the husband's action having been dismissed without a trial prior to the trial of her action.

Action in the district court for Hennepin county to reform a fire insurance policy and to recover on the policy as reformed. The facts are stated in the opinion. The case was tried before Fish, J., who made findings and ordered judgment for $1,000 against the North River Fire Insurance Company of New York; that the policy of defendant County Insurance Company of Philadelphia be corrected by substituting the name of Marie Sundin in place of O. A. Sundin, and that plaintiff recover $5,500 from that defendant. The motion of defendant County Insurance Company for amended findings was denied. From the judgment entered pursuant to the order for judgment, defendant County Fire Insurance Company appealed. Affirmed.

*George B. Leonard* and *Maurice Rose,* for appellant.
*Robert S. Kolliner,* for respondent.

LEES, C.

This was an action brought to reform a policy of fire insurance and to recover on the policy as reformed.

Plaintiff is the wife of the defendant, O. A. Sundin. She owned a small farm in Hennepin county, upon which a dwelling house and barn were being erected. Her husband, a tailor in Minneapolis, was approached by one Phelps, an agent of the County Fire Insurance Company (hereafter referred to as the defendant), with the request that he take out insurance on the buildings. It was agreed that a policy of $5,500 should be written, covering the house, the household goods contained in it and the

barn, divided as follows: $3,000 on the house, $1,000 on its contents, and $1,500 on the barn. The policy was issued and delivered to Sundin, inclosed in a sealed wrapper, and was not examined until after a fire entirely destroyed the property insured. It was then discovered that the policy was written in Sundin's name instead of in the name of his wife. An attempt was made to adjust the loss without success, and finally an action was brought on the policy by Sundin in his own name, he alleging in his complaint that he was the owner of the property. The defendant answered, denying his ownership, and alleged that his wife was the owner. This action was dismissed before the trial of the action brought by Mrs. Sundin.

She sued to have the policy reformed by inserting her name in place of her husband's as the assured, and to recover the full amount of the insurance. The answer pleaded the action brought by her husband, which was then pending, denied her ownership and alleged that defendant believed, when it issued the policy, that her husband was the owner of the property. There were other defenses pleaded, to which reference is unnecessary. The case was tried without a jury, and the court found that plaintiff was entitled to a reformation of the policy as prayed and to a recovery of the full amount of the insurance. At the trial defendant asked for a continuance, on the ground that Phelps was in France in the Red Cross Service, and hence it was unable to procure his testimony. Its request was refused. This appeal is from an order denying a new trial.

The grounds principally relied on for a reversal are the following: (1) That the court erred in denying defendant's application for a continuance. (2) That the proof shows that plaintiff is not entitled to a reformation of the policy. (3) That the house and barn were not occupied. (4) That the action brought by Sundin and his allegation of ownership estopped plaintiff from asserting that she is the owner of the property.

1. A trial court has considerable latitude in passing on an application for a continuance. Its action will not be reversed on appeal except for an abuse of discretion. 1 Dunnell, Minn. Dig. § 1710. The application was not made until the case was called for trial. It followed upon an amendment to the complaint made at the suggestion of the court. The amendment expressly alleged plaintiff's ownership of the property. Defendant asserted that it was taken by surprise, in that it had counted up-

on what it had considered a fatal defect in the complaint in the omission of a direct allegation of this sort, and hence was not prepared to meet it. The application was not supported by an affidavit of any kind, but was based on the statement of defendant's attorney that it would show by Phelps that in the negotiations for the policy plaintiff's husband stated that he owned the property, and that his statement was relied on. The action had been at issue for more than a year before it was tried. The complaint alleged that plaintiff's husband acted as her agent in obtaining the policy; that he declared that she owned the property, and that he and Phelps both intended that the policy should protect plaintiff as such owner. In the action brought by Sundin, defendant alleged that when the policy was taken out Mrs. Sundin was and still is the owner of the property.

In view of these circumstances, it can hardly be said that defendant could not be expected to know that plaintiff would offer proof of her ownership and of the negotiations between her husband and Phelps, and that such proof might be receivable under the complaint as it stood before it was amended. Neither can it be said that it did not have sufficient time in advance of the trial to take Phelps' deposition. There was no abuse of discretion in refusing to grant a continuance.

2. Sundin testified that he told Phelps that the property was in his wife's name and belonged to her, and that a policy of $1,000 had been issued by another company to her. He also testified that she owned the household goods. The court found the facts to be in accordance with his testimony, and further found that it was mutually intended by Sundin and defendant that Mrs. Sundin should be named in the policy as the person assured, and that, through oversight and inadvertence on the part of defendant, Sundin's name was written in the policy instead of his wife's, without knowledge of the mistake on the part of either the husband or wife. In the apt language of the memorandum filed by the learned trial judge, no evidence was adduced indicating that it was desired that the insurance should not run to Mrs. Sundin, and it ought not to be assumed that either the company or its agent intended to issue a policy that, on its face, would be of no value to either the husband or the wife; hence a mistake occurred in which both the agent of the insurer and the agent of the assured were equally involved.

The facts present a case where reformation of the policy was justified. The right to a reformation of an insurance policy was recently considered by this court and its decisions collected and reviewed in Mahoney v. Minn. F. & M. Ins. Co. of Minneapolis, 136 Minn. 34, 161 N. W. 217. We need not go beyond our own decisions in disposing of the question. Cases in which the facts were quite similar to those presented here and in which it was held that a reformation was proper are the following: Keith v. Globe Ins. Co. 52 Ill. 518, 4 Am. Rep. 634; German Fire Ins. Co. v. Gueck, 130 Ill. 345, 23 N. E. 112, 6 L.R.A. 835; Cook v. Westchester Fire Ins. Co. 60 Neb. 127, 82 N. W. 315; Taylor v. Glens Falls Ins. Co. 44 Fla. 273, 32 South. 887; Hill v. Millville, etc. Fire Ins. Co. 39 N. J. Eq. 66; Balen v. Hanover Fire Ins. Co. 67 Mich. 179, 34 N. W. 654.

3. The policy insured the buildings while the one was "occupied as a dwelling house" and the other while "occupied as a barn." The court did not find that either building was so occupied at the time of the fire. It is contended that plaintiff cannot recover in the absence of such a finding. The record shows that the buildings were under construction in 1914 and 1915, and were occupied by plaintiff and her family part of the time and part of the time by a man and his family who had charge of the farm on which they were located. It also shows that the adjuster, in preparing the agreement for a settlement of the loss, described them as a "dwelling house and barn." We think there is no merit in this contention.

4. The action brought by Sundin did not estop plaintiff from asserting ownership of the property, or bar her from maintaining an action for the reformation of the policy and for a recovery thereon in her own right. Spurr v. Home Ins. Co. 40 Minn. 424, 42 N. W. 206; Marcus v. National Council of K. & L. of S. 127 Minn. 196, 149 N. W. 197. She was not a party to the action brought by her husband. Defendant was not misled as to the facts, for, in its answer in the first case, it expressly alleged that Mrs. Sundin owned the property. This action was never tried and it does not appear that bringing it prejudiced defendant in any way. Neither does it appear that Mrs. Sundin ever authorized her husband to bring it or adopted his acts in that regard as those of her agent. It does appear that while it was pending she made and delivered to defendant a sworn statement, setting forth her ownership of the property, her igno-

rance of the mistake in issuing the policy to her husband, and a demand for its reformation and for payment to her of the full amount of the insurance. We are of the opinion that the defense interposed on this ground cannot be sustained.

No special mention need be made of other matters suggested in the briefs, for, upon the whole record, we are clearly of the opinion that the learned trial court disposed of the case correctly.

Order affirmed.