## MAUD BOWMAN v. SURETY FUND LIFE INSURANCE COMPANY.[1]

### May 20, 1921.

### No. 22,228.

**Life insurance — waiver of right of forfeiture.**

1. The insurance policy in suit is construed as not excepting a risk resulting from the insured entering military service in time of war without the written consent of the company, but as imposing in such event a condition which the company might waive if it chose, and that evidence that the company, after notice of the death of the insured in service, wrote the beneficiary in terms consistent with the view that the

[1]Reported in 182 N. W. 991.

policy was in force and inconsistent with a claim of present forfeiture, and, as if it intended to pay, asked her to send formal notice of death, and later asked her to send formal proofs of death which she obtained with some trouble, justified a finding of waiver.

**Acts of secretary of medical director binding on company.**
2. The evidence sustains the finding of the jury that the acts claimed to constitute a waiver, which were done at the home office in the name of the company, by the secretary to the medical director, in response to correspondence, were corporate acts, and were not within the provision of the policy against waiver by an agent.

Action in the district court for Hennepin county to recover $1,000 upon defendant's insurance policy. The case was tried before Fish, J., who when plaintiff rested and at the close of the testimony denied defendant's motion for a directed verdict and a jury which returned a verdict for $1,080. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*John N. Berg*, for appellant.

*Cobb, Wheelwright & Benson* and *C. E. Warner*, for respondent.

DIBELL, J.

Action on a policy of life insurance issued by the defendant to Kenneth R. Fletcher. The plaintiff, his mother, was the beneficiary. There was a verdict for the plaintiff, and the defendant appeals from the order denying its alternative motion for judgment or a new trial. The question is whether the evidence sustains a finding that the defendant waived the provision of the policy making it void upon the entry of the insured into military service in time of war.

1. The policy was issued on December 10, 1914. On March 11, 1918, Fletcher paid a premium which kept the policy in force for one year. On April 1, 1918, he entered military service, and in July, 1918, went to France, and on October 9, 1918, was killed in action. The plaintiff received from the war department on April 19, 1919, notice of his death. She wrote to the defendant, enclosing a copy of the message received from the war department, saying: "I am sending you a copy of a message received from the war department and this is the Kenneth R. Fletcher that is insured in your company under policy No. 16412.

He was taken in the draft on April first, 1918, and I thought it would be best to notify you." The copy enclosed showed that Fletcher was killed in action. In response the defendant wrote: "Acting on the information contained in your favor of the 30th ult., we are transmitting herewith blank for use in rendering legal notice of the death of a policyholder in this company. Be kind and answer the questions therein contained and return the notice to us at your earliest convenience. In closing permit us to extend to you our sympathy in your bereavement."

The plaintiff filled out the blank and forwarded it to the company. On May 12, 1919, the company acknowledged its receipt and transmitted blanks for furnishing final proofs of death. It said: "Legal notice of the death of the above mentioned policyholder having been received we now beg leave to transmit herewith blanks for furnishing final proofs of death. As it will be impossible to secure the attending physician's affidavit, we shall accept in lieu thereof the original notification of your son's death which you have received from the war department."

The plaintiff submitted the required proofs of death. Under date of May 27, 1919, and soon after the receipt of the final proofs of death, the company denied liability upon the ground that the insured was killed in action while engaged in military service. It relied upon a condition in the policy as follows: · "MILITARY SERVICE AND NARCOTICS. This policy shall be void if the insured shall engage in army or naval service in time of war without the written consent of the company or shall become intemperate in the use of intoxicating liquors, chloral, cocaine or opium to the extent to impair the health of the insured."

The defendant claims that the provision quoted exempted it from liability. It cites McCoy v. Northwestern Mut. Relief Assn. 92 Wis. 577, 66 N. W. 67, 47 L.R.A. 681; Elhart v. Pacific Mutual Life Ins. Co. 47 Wash. 659, 92 Pac. 419; Draper v. Oswego, C. F. R. Assn. 190 N. Y. 12, 82 N. E. 755; Ruddock v. Detroit Life Ins. Co. 209 Mich. 638, 177 N. W. 242. These cases, except the one from Washington which appears otherwise differentiated from the one at bar, involve excepted risks. In the Michigan case, as stated in the application, "military or naval service in time of war is not a risk assumed under any policy hereunder applied for"; and by the policy such a risk was "not assumed by the company." The

New York case involved a fire loss coming from an excepted risk, and the Wisconsin case an exception of suicide as a risk. The view we take is that the condition was no more than the condition usual in policies relative to a change of occupation and was the subject of waiver. The defendant, with knowledge that the insured had died in military service, might choose to waive the provision for a forfeiture. The language of its letters justified a finding that such was its intent. It asked for proofs. The plaintiff furnished them and in doing so was put to some trouble. She obtained affidavits from witnesses residing at Sault Ste. Marie, Michigan, where she and her son had formerly lived, and furnished a certified copy of the original message from the war department, and made her own affidavit. She was living in Tarrytown, New York, at the time. The jury might well enough conclude that, until the final letter denying liability, the purpose of the defendant was to pay the policy in usual course, though it knew that the insured met death in military service. In Mee v. Bankers Life Assn. of Minn. 69 Minn. 210, 72 N. W. 74, it was said: "A waiver may be created by acts, conduct or declarations insufficient to create a technical estoppel. If the company, after knowledge of the breach, enters into negotiations which recognize and treat the policy as still in force, or induces the assured to incur trouble or expense, it will be regarded as having waived the right to claim a forfeiture."

The principle applied in Hendrickson v. Grand Lodge A. O. U. W. 120 Minn. 36, 138 N. W. 946, is substantially controlling. Waiver was there defined as "an intentional relinquishment of a known right." And there, as in this case, the company after death and with knowledge of the ground of forfeiture requested and received proofs of death. The conduct of the defendant evidenced a purpose to pay, was consistent with the continuance of the policy in force and inconsistent with a forfeiture, and justified the jury's finding of a waiver.

2. This condition was attached to the policy: "POWER OF AGENTS. No agent of this company has power to change this contract, waive forfeiture, extend credit or grant permits."

The letters sent by the defendant to the plaintiff were signed: "The Surety Fund Life Company, By S. A. Morgan, Secretary to the Medical Director." The medical director testifies as to the duties of his secre-

tary, who acted as his stenographer.  His testimony is not altogether satisfactory.  He was out of town when the letters came from the plaintiff and when the two first letters were written to her.  He says that it was not the duty of his secretary or stenographer to open letters or to answer as these were answered.  Just how she came to write as she did is not shown.  But the fact is that the letters from the plaintiff were addressed to the company and received by it, and the answers were sent in the name of the company.  Whether the secretary of the medical director answered on her own initiative does not appear.  It does not affirmatively appear that some one other than the medical director, and possessed of authority, directed what should be done.  Anyway, the letters were sent in due course in the company's name in response to the letter of the plaintiff.  Just who should be included within the term "agent" as used in the condition we need not consider.  There is no difficulty in sustaining a finding of the jury that the letters were the company's act and that the waiver was not by an unauthorized agent.

Order affirmed.