JAMES E. LOGUE v. LOUIS DUCHENE.
STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY, GARNISHEE.[1]

February 19, 1932.

No. 28,714.

[1]Reported in 241 N. W. 51.

338

*Orr, Stark, Kidder & Freeman,* for appellant.

*Oscar Hallam, Richard A. Golling, A. B. Childress,* and *James H. Caswell,* for respondent.

HOLT, J.

For injuries sustained in an automobile collision plaintiff recovered a judgment against defendant. Appellant was garnisheed and disclosed. Not satisfied with the disclosure, plaintiff filed a supplemental complaint, to which appellant interposed an answer. The issues thus made were tried to the court, resulting in findings in plaintiff's favor. The garnishee's motion for amended findings being denied except in part, judgment was entered, from which it appeals.

Upon the car driven by defendant and which caused the injuries to plaintiff, appellant had issued a liability insurance policy. When the policy was first issued defendant was named therein as the insured. And no question is made but that, had the policy remained in that form, appellant could not have prevented the judgment. The evidence developed these facts:

The automobile was bought by defendant in 1926. He paid for it and used it thereafter in his business and as a family car. It was licensed and registered in his name. He carried liability insurance thereon. In March, 1929, the agent of appellant, with whom defendant did business, obtained an application from defendant for liability insurance in appellant company. Appellant

issued and delivered its policy naming defendant as the insured, and he paid the premium. A week or two thereafter defendant concluded that his sister-in-law, Mary Nelson, who a short time prior to the issuance of the policy had received from him a transfer of the car as security, was the proper person to be named as the insured in the policy. The transfer had been made by his executing the contract printed upon the registration card. He so informed appellant's agent, stating that the transfer was to secure the debt he owed Miss Nelson. He told the agent to have the policy changed and signed Miss Nelson's name to another application for a policy. The first policy was surrendered and the one here involved issued, naming Miss Nelson as the owner insured. No other premium was paid than that already paid by defendant. The registration card and the policy have always been in the possession of the defendant. He used the car after the transfer exactly as he used it before. Miss Nelson never drove it, nor could she. She was employed at the state school at Faribault and lived there. Defendant lived and had his place of business in Faribault. Occasionally he would take Miss Nelson in the car to the school and also take her out with his family pleasure riding, but in no manner different after than before the transfer.

The parts of the findings that are vital and particularly attacked are:

"It was the intention of the parties that the defendant Louis Duchene should be as fully covered by the terms of the policy as he would be if named as the insured therein. * * * That at the time the garnishee, State Farm Mutual Automobile Insurance Company of Bloomington, Illinois, wrote said policy for said defendant Louis Duchene, it was fully informed that defendant Mary Nelson had no further interest in said car except as hereinbefore stated and that she had no insurable interest therein according to the terms of said policy and that said defendant Louis Duchene was in fact the owner of said car in the possession and use thereof. * * * The insurance company by its conduct before the trial of the main action and by defending Duchene throughout the trial, together

with such conduct during the trial, estopped itself" to deny that defendant is not the insured and that it is not liable or indebted to him.

The amended findings asked for and denied were of facts contrary to the above quoted.

The troublesome proposition is whether the court could find it was the intention of the parties that defendant Duchene was to be the insured instead of Mary Nelson, so named in the last application and policy. It is plain defendant was confused as to whether he or Miss Nelson should be designated as the insured in the policy. He had transferred the title to the car to her upon the registration card. But this transfer was in fact a mortgage. He retained full possession and control of the car. She had no right to its use or any dominion or control over it. Under such a situation she had no insurable interest under this liability policy against loss for injuries inflicted on others in the operation of the car. Had this been a policy covering damage to the car or loss from fire or theft, she would have had an insurable interest as mortgagee. But such is not the loss insured against by this policy. The court could well find that appellant's agent had accurate knowledge of the true situation when the last application was given him and the first policy returned. The parties could not have intended a vain thing. For the premium received appellant intended to give liability protection to the owner of the car described in the policy, and no doubt defendant intended the same thing. That they erroneously thought it necessary to denominate the mortgagee the owner or the insured in the policy should not be fatal. The mistake perhaps was one of mixed law and fact. But that does not present reformation. Woodbury Sav. Bank v. Charter Oak Ins. Co. 31 Conn. 517; Esch Bros. v. Home Ins. Co. 78 Iowa, 334, 43 N. W. 229, 16 A. S. R. 443; Balen v. Hanover F. Ins. Co. 67 Mich. 179, 34 N. W. 654; Horine v. Royal Ins. Co. 199 Mo. App. 107, 201 S. W. 958; Baker v. Liverpool & L. & G. Ins. Co. (Tex. Civ. App.) 275 S. W. 316; Robbins v. Milwaukee M. Ins. Co. 102 Wash. 539, 173 P. 634; Komula v. General A. F. & L. A. Corp. Ltd. 165 Wis. 520, 162 N. W.

919. Our own decisions hold that insurance policies may be reformed by substituting the person intended to be insured for the one named therein through mistake or inadvertence. Sundin v. County F. Ins. Co. 144 Minn. 100, 174 N. W. 729; Page v. Rollingstone Mut. F. F. Ins. Co. 166 Minn. 74, 207 N. W. 24; 6 Couch, Cyc. of Ins. Law, p. 4996, § 1395.

It is true that defendant himself caused the policy involved to be issued to Mary Nelson as owner; but it is evident that he did so under a mistake, deeming that since the car was registered in her name the policy had to run to her as the insured, although her interest was only that of a mortgagee and she could have no use at all of such insurance as was intended and provided by appellant's policy. The policy contains the provision that no liability shall attach to appellant for loss "caused while the said automobile is being driven or operated by any person other than the assured or any person under the direction of the assured or a member of the assured's immediate family or his paid driver." And it is argued that, although the car was in the exclusive possession and control of defendant, Mary Nelson could avail herself of the protection of the policy whenever she gave direction to anyone to drive it. It is doubtful whether the language quoted is susceptible of that construction in view of the situation as known to defendant and appellant's agent when the insurance was effected. But however that may be, we are clear that the court was justified in finding that the intention was to cover the true owner, the defendant.

It is also contended that Mary Nelson had an insurable interest in that appellant agreed to defend her if she was sued for so operating the car as to injure others. But this claim seems without merit when her interest in the car is considered, together with the fact that defendant was the owner in exclusive possession and use thereof.

· It is also contended that a recovery could not be had without a decree of reformation first obtained. The practice where the same court administers both law and equity is to consider that done which ought to be done. American Ins. Co. v. Jueschke, 110 Okl. 250, 237

P. 585; Lumbermens Nat. Bank v. Corrigan, 167 Wis. 82, 166 N. W. 650. Under our practice, in an action where facts are adequately pleaded for the reformation of the instrument relied on for recovery, if such facts are proved recovery may be had. Page v. Rollingstone Mut. F. F. Ins. Co. 166 Minn. 74, 207 N. W. 24, and the cases therein cited. The supplemental complaint herein set up facts for reformation, and all parties concerned were parties to the action.

The finding above quoted, as to appellant's estopping itself by conduct in defending the defendant, Duchene, and in availing itself of an instruction which reduced the verdict, presents a doubtful question. But we pass that by, since the other findings require the entry of the judgment rendered.

The judgment is affirmed.

