[No. 6943.  Decided November 25, 1907.]

Mary Elhart, *Appellant*, v. Pacific Mutual Life Insurance Company, *Respondent*.[1]

Insurance—Life Policy—Defenses—Waiver of Forfeiture—Demanding Proof of Loss.  Although proofs of death showed that the deceased was killed while engaged in a prohibited occupation contrary to the provisions of the policy, refusal to accept the proofs because not made on the prescribed forms, and the sending of blank forms, does not waive the right of the company to deny liability on account of such violation of the policy, where the forms sent contained express provision that no waiver of such defense should arise from the furnishing and delivery of the blanks.

Appeal from a judgment of the superior court for Pierce county, Linn, J., entered December 3, 1906, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action on a life insurance policy.  Affirmed.

*Boyle, Warburton, Quick & Brockway*, for appellant.

*Hudson & Holt*, for respondent.

Root, J.—This action was brought to recover on a policy of insurance issued by the respondent to the appellant on the life of her son, Arthur Guy Elhart.  The policy contained the following provision:

"All insurance approved by this policy is based upon the written and printed application therefor, which is made a part of this contract, a copy being annexed hereto."

Said application contained the following provision:

"That no policy shall be valid if during the first year following its date I engage in any of the following extra hazardous occupations or employments;  .  .  .  service upon any railroad train or track as engineer, fireman, brakeman, freight conductor,  .  .  .  unless written permission is first expressly granted by the company."

[1]Reported in 92 Pac. 419.

The assured died within a year from the issuance of the policy, being killed while working as a fireman upon a railway locomotive, without permission from the insurance company. Appellant consulted one E. E. Rosling, an attorney, who caused a request to be made at respondent's local office for blank proofs of death. The cashier in said local office thereupon wrote to the secretary of the company in San Francisco, mentioning the request of said Rosling, and stating in his letter as follows:

"I understand that Mr. Elhart was a locomotive fireman and was scalded to death by the crown sheet burning out. . . . I am not able to find out very much from Mr. Rosling, but if you find everything in order and you will forward claim blanks, I will see that they are properly taken care of."

Upon receipt of this letter, the home office sent to its local agent, to be delivered to Mr. Rosling, the blanks requested by him. These blanks contained thereupon the following provisions:

"The company in furnishing and the claimant in receiving and using this blank expressly stipulate that the company does not thereby waive any right theretofore had to consider and determine any question as to its liability under any policy, the question of liability of the company being without prejudice or presumption by reason of the delivery hereof and especially as to whether Arthur G. Elhart during the first year following the date of policy engaged in service upon any railroad train or track as engineer, fireman, brakeman, freight conductor, or trackman, or in switching or in coupling or uncoupling cars,"

the latter part of said matter being written in with a pen. Mr. Rosling received said blanks and forwarded them to appellant with a letter containing the following matter:

"Enclosed find proofs of loss to be executed by yourself. . . . When the company turned over this blank to me today I noticed the interlineation that they have made in relation to their not waiving any rights they may have to protest the policy by reason of Arthur's employment on the

railway. It is very evident that the company proposes to fight this claim."

A few days thereafter appellant wrote to respondent and inclosed an affidavit of which the following is a copy, aside from formal parts:

"Mary Elhart, being first duly sworn, on oath deposes and says: That she is the mother of Arthur Guy Elhart, who was insured in the Pacific Mutual Life Insurance Company of California in Policy No. 68,746, dated August 11th, 1904, for the sum of $1,000, and also the beneficiary in said policy; that Arthur Guy Elhart died on the 10th day of August, 1905, at North Yakima, Washington; that his death was occasioned by the explosion of a boiler on an engine operating cars on the N. P. Railway, upon which he was employed as fireman."

To this respondent's secretary answered, calling appellant's attention to the "general provisions" of her policy, which required that proofs of death should be made upon the forms prescribed by the company, and also informed her that blanks had been sent to attorney Rosling, and making this statement:

"However, we will inclose you herewith a duplicate set bearing on the first and last pages an endorsement similar to the one quoted in the foregoing portion of this letter;"

the endorsement referred to being the provision that the company did not waive any right to consider and determine any question of its liability as hereinbefore set forth. The appellant then prepared her proofs upon the blanks furnished by the company, and sent them in, erasing with red ink the provision in regard to the company not waiving any rights by reason of delivery of said blanks for proof. The company denied liability upon the policy on account of the deceased having engaged within a year in a prohibited occupation contrary to the terms of the policy. The trial in the superior court resulted in a judgment in favor of the defendant company. From this an appeal is prosecuted.

It is the contention of the appellant that, when the company refused to accept the affidavit of appellant as proof and wrote to her calling attention to the provisions of the policy requiring the death proof to be made upon blanks furnished by the company, this constituted a waiver on the part of the company of its right to declare a forfeiture of the policy or to interpose the defense that the deceased had violated its terms. She urges that the company, before sending the second set of blanks, knew that the deceased had met his death while engaged in an occupation prohibited under the terms of the policy, and that the sending of this set of blanks was in effect a demand upon her to do something to perfect her claim, and was sufficient to justify her in believing that it waived any defense it might have on account of the occupation and manner of death of the assured.

We are unable to uphold this contention. Ordinarily a waiver is an intentional release of some right, and it is generally held that provisions of this character in insurance policies are deemed to be waived only when an intention to waive is apparent, or where the conduct of the company is inconsistent with an intention to declare a forfeiture, or has placed the other party at a disadvantage, or gained for itself an advantage which it should not in justice and good conscience be permitted to assert. In the facts as shown by this record we see no evidence of any intention on the part of the respondent to waive its right to defend against this policy. We see nothing in its conduct calculated to mislead the appellant or take any advantage of her. She received the first set of blanks. For reasons which do not appear she did not use them but sent to the company an affidavit prepared by herself or her attorneys setting forth the facts concerning her son's death. The home office, not knowing that she had received the first blanks sent and evidently supposing that she had not, sent her a duplicate set containing the same notice as to the company not waiving any of its rights by reason

of the occupation and manner of death of the deceased. It seems to us that this on the part of the company was a matter of courtesy that could not, in any reasonable manner, be construed into a waiver on its part. *Hopkins v. Northwestern etc. Ins. Co.*, 41 Wash. 592, 83 Pac. 1019; *Insurance Co. v. Wolff*, 95 U. S. 326, 24 L. Ed. 387; 29 Am. & Eng. Ency. Law (2d ed.), 1093, 1105-1108; 16 Am. & Eng. Ency. Law (2d ed.), 935-939; *Ronald v. Mutual Reserve Fund Life Ass'n*, 132 N. Y. 378, 30 N. E. 739; *Wheaton v. North British & M. Ins. Co.*, 76 Cal. 415, 18 Pac. 758; 2 Bacon, Benefit Societies and Life Insurance (3d ed.), §§ 421-424; 2 May, Insurance (4th ed.), § 505.

Finding no error in the judgment of the superior court, the same is affirmed.

FULLERTON, RUDKIN, and MOUNT, JJ., concur.

HADLEY, C. J. and CROW, J., took no part.