No. 19,994.

BELLE RIDGEWAY, *Appellee*, v. THE MODERN WOODMEN OF AMERICA, *Appellant*.

SYLLABUS BY THE COURT.

1. FRATERNAL INSURANCE — *By-laws* — *"Dangerous Occupation"* — *Acceptance of Dues—No Waiver*. Where the by-laws of a fraternal beneficiary society provide that the engaging by a member in a specified dangerous occupation shall exempt it from liability on account of his death directly traceable thereto, the acceptance of dues from a member after he has engaged in such occupation, with knowledge of the fact, does not constitute a waiver of the exemption referred to.

2. SAME—*Death through Engaging in Dangerous Occupation—Proofs of Death—Furnishing Blanks Therefor—No Waiver*. No waiver results in that situation from the fact that the society, after learning that a member has lost his life through engaging in the prohibited occupation, at the request of the beneficiary furnishes blanks upon which to make proofs of death, without giving notice of an intention to resist payment, otherwise than by a general statement that the supplying or use of the blanks should waive no right to deny liability.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed June 10, 1916. Reversed.

*Truman Plantz, George G. Perrin*, both of Rock Island, Ill., and *L. W. Hamner* of Salina, for the appellant.

*Z. C. Millikin*, of Salina, for the appellee.

The opinion of the court was delivered by

MASON, J.: William H. Strohm obtained a beneficiary certificate in the Modern Woodmen of America. Thereafter he became a lineman for an electric-light company, and met his

death through contact with a live wire while in that employ-ment. The by-laws contained a provision that engaging in such an occupation by a member should exempt the society from liability on account of his death directly traceable thereto. His mother, the beneficiary, brought an action upon the certificate. The society defended upon the ground that it was released from liability by the fact that his death was due to his engaging in the hazardous occupation referred to. The plaintiff relied upon a waiver of the right to defend upon that ground. She recovered a judgment and the defendant appeals.

1. It is argued that a waiver resulted from the receipt of dues with knowledge of the fact that the member had entered the dangerous employment. Inasmuch as his engaging in a hazardous occupation relieved the company from liability only in case the member came to his death by reason of it, he had a motive in keeping up his dues as a protection to the beneficiary in the event of his dying from some other cause, and their receipt by the society with knowledge of his change of employment could not result in a waiver of any of its rights. (Note, 27 L. R. A., n. s., 446; *Modern Woodmen of America v. Weekley,* 42 Okla. 25, 139 Pac. 1138.)

2. The verdict was obviously based on the theory that a waiver resulted from the conduct of the society after the member's death. The head clerk sent to the local clerk blank forms for use in presenting a claim against the society, which were delivered to the attorney of the beneficiary and used for that purpose. The jury found specifically that at the time they were sent the society knew the cause of the death. This finding was based on the testimony of the local clerk that he made a written report to the head clerk in which he "supposed" he stated that Strohm had been killed by coming in contact with a live wire while working as a lineman for the electric-light company. Notice to produce the report was served upon the society, but was responded to by a statement that it had no such paper, excepting an official report by the local clerk, which was produced, and which appears not to have been the one referred to. The jury also found that the blanks were not delivered upon the request of the plaintiff's attorney, but upon that of the head clerk. The evidence was that the attorney asked the local clerk

for them. It is argued in support of the finding that the delivery was made by request of the head clerk that a by-law prescribed this procedure. The by-law referred to, however, concludes with the sentence: "The only duty to be performed by the Camp Clerk under this section is to deliver said blank forms for proofs of the death of the member to said beneficiary or beneficiaries at the request thereof." However, we do not regard it as material whether or not the blanks were delivered in response to a request for them. In either event they were, of course, furnished with the expectation and understanding that they were to be used. No demand or request for their execution was made by the society. There was evidence that the plaintiff incurred the expense of an attorney's fee in the preparation of the proofs. The question for determination is this: Was it the duty of the society, if it intended to resist the payment of the policy on the ground that the death had taken place under circumstances then known to it, which relieved it from liability, to give some expression to that intention at the time it furnished the blanks to be used in making proofs in support of a claim against it? The test is whether the conduct of the society was such as to induce in the mind of the beneficiary a reasonable belief that the claim might be paid, notwithstanding the death was not one for which, under the by-laws, it was liable. The general doctrine is that a known breach of condition is waived by inducing the claimant to go to trouble and expense for the purpose of perfecting his claim. (*Insurance Co. v. Allen,* 69 Kan. 729, 77 Pac. 529; 2 Bacon's Benefit Societies and Life Insurance, 3d ed., § 435; 3 Cooley's Briefs on the Law of Insurance, p. 2748; 29 Cyc. 198.) The question is whether the mere furnishing of blanks can be regarded as such an inducement.

In *Burnham v. Interstate Casualty Co.,* 117 Mich 142, 75 N. W. 445, it was held (two justices out of five dissenting) that the supplying to a beneficiary, upon request, of blanks for proofs of death, the preparation of which entailed expense, accompanied by a mere general statement that this should not be deemed a waiver, precluded an insurance company from interposing a defense based on the failure of the insured to give notice of additional insurance. There, however, the company not only failed to indicate a purpose to rely on that particular

defense, but foreshadowed a reliance upon an entirely different one—a circumstance that is referred to in a later case as a ground of distinction. (*Showalter v. M. W. of A.*, 156 Mich. 390, 396, 120 N. W. 994.) On the other hand, the mere furnishing of such blanks has been held not a sufficient basis of waiver. (*Elhart v. Pacific Mutual Life Ins. Co.*, 47 Wash. 659, 92 Pac. 419. See, also, *Tuttle v. Association*, 132 Iowa, 652, 104 N. W. 1131; *Loesch v. Union Casualty & Surety Co.*, 176 Mo. 654, 75 S. W. 621.) A different situation arises where the company requests the submission of proofs, or in any other way gives affirmative encouragement to the prosecution of the claim. In *Modern Woodmen v. Taylor*, 67 Kan. 368, 71 Pac. 807, the plaintiff presented the question here involved, under somewhat similar conditions, saying: "Instead of standing upon these defenses, which they claim to have known of long before his death, the society required the beneficiary to go to the trouble and expense of making proof of a fact which, in view of the defenses now alleged, would be as vain an act as one could possibly require." (Brief and Argument of Defendant in Error, p. 14.) In the opinion of the court it was said:

"We do not think that the requiring of proofs of loss after the death of Taylor constituted a wavier by the order of any of its rights under the certificate or by-laws." (p. 375.)

Each of the blanks furnished by the society was headed by a statement, under the caption "Take notice," to the effect that the supplying or use thereof should waive none of its rights to deny liability. The beneficiary's personal statement of her claim concluded with the words, "I further state that . . . when said blanks were executed I understood and now further agree that the execution thereof, or any demand made therefor, . . . shall not be construed or considered as a waiver of any right of said society to deny its liability under the said benefit certificate."

The situation is not one which gave the society an option to declare a forfeiture. The provision exempting the society from liability for a death caused by engaging in a prohibited occupation was self-executing. The denial of a right to recover on account of such a death does not result from a forfeiture in such sense as to be the occasion of any especial readiness in granting relief from it. A death resulting from

pursuing a specified dangerous calling was not one that was insured against.

. We conclude that the established facts do not constitute a waiver nor justify the finding of a waiver, and that therefore no recovery can be had on the certificate.

. The judgment is reversed and the cause remanded with directions to render judgment for the defendant.