. **WEBBER v. FIDELITY LLOYDS OF AMERICA.** (No. 3054.)

(Court of Civil Appeals of Texas. Texarkana. April 9, 1925.)

1. **Insurance ⊕396(1)—Violation of stipulation in policy not waived by proof of loss not made on insurer's demand.**

Violation of stipulation in automobile theft policy as to maintenance and use of locking device *held* not waived by proof of loss not made on demand by insurer.

2. **Insurance ⊕399—Insurer paying mortgagee part of loss held to have waived insured's violation of stipulation in policy.**

Automobile theft insurer paying mortgagee part of loss under loss payable clause *held* to have waived insured's violation of stipulation as to maintenance and use of locking device; Act Feb. 19, 1919 (Laws 1919, c. 15, § 1; Vernon's Ann. Civ. St. Supp. 1922, art. 4875a), providing that interest of mortgagee shall not be affected by mortgagor's act, being inapplicable, though policy also insured against fire.

3. **Insurance ⊕399—Payment of part of loss to mortgagee is payment to insured as respects waiver of violation of stipulation in policy.**

That insurer paid part of loss by theft of automobile to mortgagee, instead of insured, did not prevent such payment from operating as waiver of stipulation as to maintenance and use of locking device; mortgagee being insured's agent to receive payment to extent of mortgagee's interest in property.

4. **Insurance ⊕602—Statutory damages and attorney's fees not recoverable for delay in paying loss under automobile theft policy.**

Insured cannot recover damages and attorney's fees for failure to pay loss under automobile theft policy within time specified in Vernon's Sayles' Ann. Civ. St. 1914, art. 4746, which applies only to life, health, and accident insurance companies.

Appeal from Dallas County Court; W. N. Coombs, Judge.

Action by C. W. Webber against the Fidelity Lloyds of America. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

The suit was by appellant against appellee on a policy for $595, issued by the latter, insuring the former against loss of an automobile by fire or theft. The automobile was lost to appellant by theft. The policy contained a stipulation that the loss, if any occurred during its life, should be paid to the Dallas County State Bank "as its interest might appear"; and it appeared from testimony heard at the trial that appellee accordingly paid to the bank $264.70 (secured by a mortgage on the automobile) which appellant owed it at the time the car was stolen. The suit was for $330.30, the part of the $595 remaining unpaid. The defense urged by appellee to the recovery sought against it was predicated on the violation by appellant of a stipulation in the policy as follows:

"In consideration of a reduction in premium it is warranted by the assured that the automobile insured under this policy will be continuously equipped with a locking device known as Decker (approved by Underwriters' Laboratories, Inc., and bearing their label). The assured undertakes during the currency of this policy to use all diligence and care in maintaining the efficiency of said locking device, and in locking the automobile when leaving the same unattended."

Appellant's contention with reference to the stipulation was that appellee waived the violation thereof when, knowing of such violation, it paid the $264.70 to the bank, and also when, with knowledge of such violation, it required him, he charged, to make proof of loss of the automobile.

The trial was to the court without a jury. The appeal is from a judgment denying appellant the recovery he sought, and in appellee's favor for costs.

Allen Reed, of Dallas, for appellant.

Davis, Johnson & Handley, of Dallas, for appellee.

WILLSON, C. J. (after stating the facts as above). [1, 2] The judgment involves findings by the trial court that appellee did not waive the violation by appellant of the stipulation set out in the statement above in either of the ways charged against it. We agree that the finding that appellant was not entitled to predicate waiver he asserted on the "proof of loss" he made was correct, for it was not shown that such proof was made in compliance with a demand therefor by appellee (14 R. C. L. 1197; Woodard v. Ins. Co., 128 Wis. 1, 106 N. W. 681, 116 Am. St. Rep. 17; Ridgeway v. Modern Woodmen, 98 Kan. 240, 157 Pac. 1191, L. R. A. 1917A, 1062); but it appeared that appellee knew appellant had violated the stipulation at the time it paid the

---

bank the part of the loss it was entitled to claim by the terms of the policy, and we think it therefore must be said, in view of the authorities, that such payment operated as a waiver by appellee of its right to complain of such violation. 14 R. C. L. 1199; 32 C. J. 1355; 26 C. J. 333; 3 Cooley's Briefs on Insurance, 2744; Ins. Co. v. Polemanakos (Tex. Com. App.) 207 S. W. 922; Ins. Co. v. Lehman, 132 Ala. 640, 32 So. 733; Ins. Co. v. McAdoo (Tenn. Ch. App.) 57 S. W. 409.

Appellee's insistence that such a result did not follow, based on the provision in the Act February 19, 1919 (Gen. Laws, p. 20; article 4875a, Vernon's Statutes Supp. 1922), that, "the interest of a mortgagee or trustee under any fire insurance contract hereafter issued covering any property situated in this state shall not be invalidated by any act or neglect of the mortgagor or owner of said described property or the happening of any condition beyond his control, and any stipulation in any contract in conflict herewith shall be null and void," cannot be sustained. The provision, it will be noted, applies to fire insurance contracts only. While the policy sued upon was that kind of a contract, it also was a contract for indemnity against loss of the car by theft. The loss not having been by fire, but by theft, the policy should be treated, for the purposes of appellant's suit, as one insuring against theft alone. Indemnity Co. v. Duncan (Tex. Civ. App.) 254 S. W. 233; Liability Co. v. White (Tex. Civ. App.) 177 S. W. 162.

[3] Nor can the contention that the payment did not operate as a waiver as claimed by appellant, because it was not made to him but to the bank, be sustained. Gardner v. Ins. Co., 125 Ky. 464, 101 S. W. 908. With reference to a like contention made in the case cited, the court said:

"The legal effect of such a provision (that the loss should be paid to a mortgagee as his interest appeared) would be to make the mortgagee the agent of the insured to receive the payment of the insurance money due under the policy to the extent that he (the mortgagee) is interested in the property destroyed."

In that view the payment by appellee to the bank in legal effect was a payment to appellant; and there is no doubt, as shown by authorities we have cited, if the payment had been to him it would have operated as a waiver.

[4] On the record before us we think the judgment should have been in appellant's favor for the $330.30 sued for as the part unpaid of the loss due to the theft of the car, but we think the conclusion of the trial court that appellant was not entitled to recover the statutory damages and attorney's fees he sued for was correct. The statute invoked (article 4746, Vernon's Sayles' Ann. Civ. St. 1914) by its terms applies only when a "life insurance company, or accident insurance company, or life and accident, health and accident, or life, health and accident company," fails - within the time specified therein to pay a loss for which it is liable. Liability Co. v. White (Tex. Civ. App.) 177 S. W. 162.

The judgment will be reversed, and judgment will be here rendered in appellant's favor for $330.30 and interest thereon from December 2, 1922.