### FIDELITY LLOYDS OF AMERICA V. J. M. GEDDIE.

No. 4833. Decided June 25, 1927.

(296 S. W., 500).

**Automobile Insurance—Theft—Use of Locking Device—Waiver by Part Payment to Mortgagee.**

A policy of insurance upon an automobile against loss by theft was by its terms avoided by the insured leaving it unattended without use of the locking device when stolen. The loss being payable to a mortgagee of the car as his interest might appear, the insurer, with knowledge of the failure of the insured to leave the car locked, paid the mortgagee the amount of his claim, taking from him an assignment of the note and mortgage. In an action to recover from insurer the remainder of the amount of insurance it is held that his payment of part to the mortgagee was a waiver of his right to claim forfeiture of the policy as against insured by the failure of the latter to lock the car. Webber v. Fidelity Lloyds of America, 271 S. W., 118, approved and followed. (Pp. 657-661).

Question certified from the Court of Civil Appeals for the Eighth District, in an appeal from Dallas County.

The Supreme Court referred the question to the Commission of Appeals, Section B, for their opinion thereon and here adopt and certify the same as their answer.

*H. E. Johnson* and *John Davis,* for appellant.

Where a note secured by a mortgage on a car covered by a policy of insurance against loss by theft, issued by a Lloyds insurance association, is purchased by and transferred and assigned to said Lloyds insurance association together with the mortgage securing the payment of same, after being advised of the loss of said car by theft, said Lloyds insurance association may plead and establish the breach of a warranty by the owner of the car as a complete defense to a suit instituted by said owner. Equitable L. Ins. Co. v. Ellis, 105 Texas, 526; Merchants Mut. Ins. Co. v. Lacroix, 45 Texas, 158; Texas Banking & Ins. Co. v. Hutchins, 53 Texas, 61; Miller v. Diehl, 239 S. W., 679; Payne v. Beaumont, 245 S. W., 94; Syndicate Ins. Co. v. Bohn, 65 Fed., 165; Neill

Bros. Grain Co. v. Hartford F. Ins. Co., 1 Fed. (2d Series), 904; Turk v. Newark F. Ins. Co., 4 Fed. (2d Series), 142; 26 Cyc., 438.

*Coker, Carter & Wilson* (*Prentice Wilson* of counsel) for appellee.

The loss payable clause of the policy sued upon having been made to McFarland Investment Company (mortgagee) as their interest may appear, the payment of said sum of money by appellant to said mortgagee was in legal effect payment to appellee in that the mortgagee was by virtue of the provisions of the loss payable clause the agent of appellee in receiving payment under the policy, and since payment to appellee would have constituted a waiver of the breach, it necessarily follows that payment to appellee's agent constituted a waiver of the breach. Austin Fire Ins. Co. v. Polemanakos, 207 S. W., 922; Corpus Juris, Vol. 32, p. 1355, Sec. 638; Gardner v. Insurance Co., 101 S. W., 908; International Indemnity Co. v. Duncan, 254 S. W., 233; Insurance Co. v. McAdoo, 57 S. W., 409; Liability Co. v. White, 177 S. W., 162; Webber v. Fidelity Lloyds of America, 271 S. W., 118; Notes, 38 A. L. R., 368; Hamburg-Bremen F. Ins. Co. v. Ruddell, 82 S. W., 826; German Ins. Co. v. Gibbs, Wilson & Co., 92 S. W., 1068; St. Paul F. & M. Ins. Co. v. Napier, 96 S. E., 15; Franklin Ins. Co. v. Wolff, 54 N. E., 772; New Brunswick F. Ins. Co. v. Morris Plan Bank, 118 S. W., 236.

MR. JUDGE SPEER delivered the opinion of the Commission of Appeals, Section B.

The case is before us upon the following certificate from the Court of Civil Appeals for the Eighth District:

"In this case the appellee, Geddie, purchased an automobile, in part payment therefor executing a note and mortgage upon the car in favor of the seller. The note and mortgage were assigned to the McFarland Investment Company. Appellant, operating under Lloyds Plan (Arts. 5013-5023 R. S.) issued to Geddie an insurance policy in the sum of $700, agreeing to indemnify against loss of the car by theft with loss payable clause in favor of the McFarland Investment Company as its interest might appear, subject to all the terms and conditions of the policy. The policy contained this stipulation:

" 'In consideration of a reduction in premium, it is warranted by the assured that the automobile insured under this policy will be continuously equipped with a locking device known as Dill Wheel (approved by Underwriters' Laboratories, Inc., and

bearing their label). The assured undertakes during the currency of this policy to use all diligence and care in maintaining the efficiency of said locking device, and in locking the automobile when leaving the same unattended'."

"The car was equipped with a Dill Wheel. Geddie left the car parked upon a street in Dallas, unattended and the wheel unlocked. While so parked the car was stolen and has not been recovered.

"No excuse was shown for failing to lock the wheel.

"Appellant paid to the McFarland Investment Company the balance due upon Geddie's note and took an assignment of the note and mortgage. No demand for payment of the note has ever been made by appellant. Prior to making such payment to the McFarland Company appellant 'had taken' a written statement from Geddie containing the information that the car had been stolen while standing unattended upon the street with the wheel unlocked. It is not shown this statement was given upon demand of appellant.

"Geddie brought this suit upon the policy to recover the value of the car less the amount paid to the McFarland Company and recovered as prayed for.

"Appellant defended upon the ground that the warranty as to locking the car while unattended had been breached.

"In avoidance thereof Geddie pleaded waiver of the breach and estoppel to rely thereon because of the voluntary payment by appellant to the McFarland Company of the amount due upon the note held by it, which payment was made with full knowledge of the breach of warranty, and that the McFarland Company and Geddie were asserting appellant was liable to them for the face value of the car.

"The appeal is presented upon agreed statement under Art. 2280, R. S.

"The only question presented is as to the sufficiency of the pleadings and facts to show waiver of the breach of the warranty or estoppel to rely thereon.

"Upon the facts stated this court held that appellant had not waived the breach of the warranty respecting locking the wheel and was not estopped to rely upon the breach of such warranty and reversed the judgment of the court below and rendered judgment in favor of appellant. A copy of the opinion of this court is hereto attached and made a part hereof.

"The decision herein of this court is in conflict with the opinion and decision of the Court of Civil Appeals of the Sixth

Supreme Judicial District of this State in Webber v. Fidelity Lloyds of America, reported in 271 S. W., 118.

"This court refuses to concur with the said opinion rendered in Webber v. Fidelity Lloyds of America.

"The opinion of this court and the report of the opinion in the Webber case appearing in 271 S. W., 118, clearly discloses the question of law involved in this case wherein a conflict of opinion has arisen and that question is hereby respectfully certified to the Supreme Court for adjudication by it, under Art. 1855, R. S., 1925."

The conflict between the case of Webber v. Fidelity Lloyds of America, 271 S. W., 118, referred to in the certificate, and this one, should be resolved in favor of the decision in the Webber case. The conflict is apparent, and from the certificate appears to involve the identical question of law. Indeed, the two policies appear to be the same.

The fact that the policy in controversy contained a clause making the loss, if any, payable to the McFarland Investment Company as its interest might appear, does not in any wise alter the fact that the contract proper is between the insurance company and the owner of the property. The effect of such clause is but to name the McFarland Investment Company as the party entitled to receive payment of the fund in the event a loss becomes payable under the terms of the policy. Hamburg-Bremen Fire Ins. Co. v. Ruddell, 82 S. W., 826. The authorities generally agree upon this matter. That this is ordinarily the rule is not denied by appellant, but it contends for reasons hereafter stated that a different rule should apply in this case. The contract therefore being with the appellee, it is only such loss as may become payable under the terms of the contract that could in any event become payable to the McFarland Investment Company. The breach by appellee of his warranty with respect to keeping his car locked when the same was left unattended constituted a complete defense to appellant unless the same was waived by its conduct in paying the McFarland Investment Company. Now, waiver is not identical with estoppel, and there need not be shown any act or conduct of the assured with respect thereto, since waiver is wholly the act of the insurance company. It is therefore not necessary that any consideration should appear. There are contrary statements in some of our earlier opinions, but the matter is authoritatively settled by the principles applied in Equitable Life Assurance Society v. Ellis, 105 Texas, 526, 147 S. W., 1152. It is there said:

"That he was not misled at any stage of the negotiation would

be a conclusive argument were the question before us merely one of estoppel. But the question here is one of waiver, and it was not necessary for Ellis to have been misled for a waiver of the forfeiture to be accomplished. The issue of waiver is not to be determined by what Ellis did or omitted to do. It should be considered only in the light of what the company did. Ellis had no power to waive the forfeiture, and his conduct or mental condition could have had no probative force upon the question as to what the company did or intended to do, or upon the effect to be given its action. It alone had the power to waive. Its action alone could constitute a waiver. Waiver is essentially unilateral in its character; it results as a legal consequence from some act or conduct of the party against whom it operates; no act of the party in whose favor it is made is necessary to complete it. It need not be founded upon a new agreement, or be supported by a consideration; nor is it essential that it be based upon an estoppel."

This case is cited and followed in Duncan v. United Mutual Fire Ins. Co. (Texas Com. App.), 254 S. W., 1101.

Forfeitures are not favored, and the courts will quickly seize upon any fact or circumstance reasonably evidencing an intention not to insist upon the forfeiture. There being here a single, indivisible contract, the act of appellant in paying the McFarland Investment Company was entirely inconsistent with its right, and any intention, to avoid the policy, and was consistent only with a recognition of its continuing validity notwithstanding the known existence of a ground of forfeiture. This constitutes in law a waiver of the forfeiture, to which the insurance company otherwise would have been entitled.

We would perhaps be justified in closing the opinion here, for we have discussed the only question presented in the certificate. But counsel for appellant insists that the present is not a case of the ordinary loss clause, but that there was attached to the policy a rider containing a clause sometimes referred to as the "union mortgage clause," which had the effect to create a new and independent contract between it and the mortgagee, McFarland Investment Company, so that its payment to the investment company therefore was not voluntary, but compulsory, and concludes that its conduct in paying as it did could in no event be a waiver of its defense as against appellee. We have considered this question, though perhaps we were not required to do so, and hold against the contention.

The rider referred to is as follows:

"And this policy shall be wholly void * * * if any of said

notes shall not be completely paid and the indebtedness represented thereby wholly discharged on or before ten days after the maturity thereof without grace; but the loss, if any, hereunder shall be payable to McFarland Investment Company, Dallas, Texas, as owner of said notes as his interest may appear, subject to all of the terms and conditions of the policy and mortgage, save, however, that this insurance as to the interest of the said owner of said notes only shall not be invalidated by the failure of assured to pay any of the said notes within the time specified above, and in such case the liability of this company under this policy shall be to the said McFarland Investment Company, Dallas, Texas, only, and shall be limited to the amount of principal and interest then unpaid on the said notes."

Now, this may be, and is, a perfectly valid stipulation, but it does not relieve appellant. It expressly recognizes that the sum to be paid in any event to McFarland Investment Company is subject to all of the terms and conditions of the policy save the assured's failure to pay any of the notes within the time specified. Now, the act of appellee in failing to pay any of the notes was not the only ground of forfeiture in the case, but it was the only ground of forfeiture which would not invalidate the policy as against the investment company. This was the specific contract of the parties. There is no saving statement, as is generally found in the union mortgage clause, as against any and all acts of forfeiture by the assured. Had the only ground of forfeiture been appellee's failure to pay the investment company notes, appellant, under the terms of the rider, might have been compelled to pay the investment company, and its act in doing so would not have been a waiver of its right to further defend. But, the appellee's failure to keep his warranty with respect to locking his car while unattended constituted a complete defense to all liability of the insurance company, so that its payment to the investment company, the assured's nominee, was purely voluntary and constituted a waiver in any event.

We therefore recommend that the question certified be answered: The Honorable Court of Civil Appeals erred in its holding refusing to concur with the opinion of the Court of Civil Appeals for the Sixth District in Webber v. Fidelity Lloyds of America, 271 S. W., 118.

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified to the Court of Civil Appeals.

*C. M. Cureton,* Chief Justice.