## CITIZENS' MUT. AID ASS'N v. WILLIAMS.
### No. 916.

Court of Civil Appeals of Texas. Eastland.
Nov. 27, 1931.

Scott & Gilbert, of Cisco, for appellant.

Ghent Sanderford, of Eastland, for appellee.

FUNDERBURK, J.

This is a suit by G. W. Williams against the Citizens' Mutual Aid Association to recover upon a benefit certificate issued by the latter to plaintiff's deceased wife,. Mrs. Elizabeth Williams. The defendant is a local mutual aid association, the law governing which was enacted in 1929, and appears as chapter 9 A, title 78 (articles 4875a—1 to 4875a—31), Vernon's Annotated Revised Civil Statutes of Texas. The certificate was dated September 5, 1925, and therefore the contract evidenced thereby antedated the enactment of said law. Before the passage of this act, associations like the defendant were exempted from our general statutory insurance laws. The present law provided for existing associations to accept its provisions and thereupon be permitted to continue their business, and also provided for the dissolution, within six months, of such associations not so accepting. The constitution of the defendant association shows its acceptance of the provisions of the statute. The benefit certificate in terms made the application for membership, the constitution, and by-laws a part of the contract of insurance. Plaintiff's pleading, however, did not declare upon anything other than the benefit certificate as the contract of insurance. The defendant introduced in evidence (about which action no question is made) the constitution and by-laws of the association, which were adopted subsequently to the date of the benefit certificate. The certificate, after naming the dues and assessments, for the payment of which the member was liable, contained a provision reading: "A failure to pay said dues or assessments within fifteen days after date of call shall forfeit her membership in this association." Another provision in the membership certificate was: "The said member agrees to notify this association of any change made in postoffice address. In sending out assessment notices it shall not be necessary for said association to do more than mail a written or printed notice, properly stamped and addressed, to said member at his or her last known postoffice address."

Defendant resisted liability on the ground that, on September 4, 1929, it had made a call for two assessments to pay two death benefits, and had given due notice of same by mailing to the last known address of the insured, and that such assessments were never paid. These notices contained the statement: "This amount must be paid on or before September 18th, 1930." They also stated: "Please be prompt with your remittance and avoid second and third notices."

Plaintiff, in avoidance of the defense pleaded by the defendant, alleged, first, a waiver of the forfeiture, and, second, that the notice of the call for assessment was insufficient because it did not state the final date of payment as provided in article 4875a—17, Vernon's Annotated Revised Civil Statutes. The facts alleged to show a waiver were that, although the notice stated that the date of final payment was September 18, 1930, there was a custom known to the insured not to claim a forfeiture until after a second and a third notice were given, and said notice itself showed that a forfeiture was not to be insisted upon after said 18th of September, because it also stated: "Be prompt and avoid second and third notices." The facts alleged to show that no notice had been given of the date of final payment were that the 18th of September was not the final date in any event, fifteen days after the date of call being September 19th; and, further, that the 18th was not the final date because said notice advising the insured to be prompt and avoid second and third notices showed an intent not to forfeit it immediately upon failure to pay on or before September 18th.

The verdict of the jury consisted of their finding upon two special issues, as follows:

"Do you find from a preponderance of the evidence that on September 4th, 1930, the defendant association mailed at Cisco, Texas, a postal card properly stamped and addressed to Mrs. Elizabeth Williams, at her postoffice address last known to defendant association containing the following printed matter:

" 'Citizens Mutual Aid Association. (A local Mutual Aid Association) Class No. 2. Deaths Nos. 59 & 60. This is to notify you of the death of G. L. Riddle, Wallace, West Virginia, formerly of Ranger, Texas. The Beneficiary, his wife, will be paid when the proper death proof reaches us. Also the death of Mollie Abbot, Route 4, Cisco, Texas, her husband, Oscar Abbot, will be paid as soon as this assessment comes in.

" 'Each member pays for this death $2.20. If addressed to two parties the amount will be $4.40. Date of call, September 4th, 1930. This amount must be paid on or before September 18th, 1930. Please be prompt and avoid a second and third notice. Make checks payable to W. F. Evans, Secretary, P. O. Box 535, Cisco, Texas. On death assessments $1.00 goes to mortuary fund and ten cents to expense fund. Please do not send currency through the mails. It isn't safe. Keep the office notified of any change of address. Office, Room 7, Garner Building. If you have any friends or relatives wishing to carry insurance with us please write name on line below and our representative will call upon them.

" '_____'

"Answer 'Yes' or 'No.' "

To this issue the jury answered: "Yes."

"Do you find from a preponderance of the evidence that, prior to September 29th, 1930, and subsequent to September 4th, 1930, that the defendant association was notified by written notice of the change of address of Mrs. Elizabeth Williams from Ranger, Texas, to Holtville, California?"

To this issue the jury answered: "Yes."

Plaintiff was given judgment, from which the defendant has appealed.

We will first consider whether said article 4875a—17, which provides, among other things, that, before suspending any member from membership, it shall be necessary for the association to mail a notice which "shall state the final date of payment," is applicable to this case. Appellant insists that it is not applicable, or else Constitutional and void, since the statute was enacted after the contract was made, and for that reason, to give it the effect contended for, the statute would be ex post facto or have a retroactive effect, or would impair the obligations of the contract, contrary to the provisions of the Constitution, art. 1, § 16. The statute is applicable, we think, and has the effect of condemning the sufficiency of the notice in this case, unless such effect is prohibited by said constitutional provision. We do not believe that to give the law the effect contended for would be contrary to the Constitution. The contract did not provide what notice should be given. The contract contained a provision as follows: "It shall not be necessary for this association *to do more* (italics ours) than mail a written or printed notice of any assessment due by its members to his or her last known address." The italicized words imply, we think, a contract obligation to give notice, but the contract does not provide the subject-matter of the notice. The contract not having prescribed what the notice should contain, the statute, by doing so, does not thereby impair any obligation of the contract or change any provision thereof, and therefore it cannot be said that the law is ex post facto or has any retroactive effect. Had the parties contracted as to what such notice should contain, then perhaps a different question would be presented. But not having done so, the power of the Legislature to provide the contents of such notice is therefore not restricted by the Constitution. The jury found what were the contents of the only notice given. While the notice, among other things, said, "This amount must be paid on or before September 18th, 1930," it also said, "Please be prompt with your remittance and avoid second and third notices." The parties upon the trial agreed: "that it was the custom of the defendant association not to forfeit a policy of insurance until a member had failed to pay the assessment within eight days from the date of mailing at Cisco, Texas, the third notice. * * * That it

was known to Elizabeth Williams that this was the custom of the defendant association not to forfeit a policy of insurance until a member had failed to pay said assessment within eight days from the date of mailing at Cisco, Texas, the third notice."

We are of opinion that the notice, construed in connection with said custom, did not, as required by said statute, state "the final date of payment." Even the statement of the 18th of September as being the final date of payment was incorrect, as it should have been the 19th. We are also of opinion that the agreement as to the nature and existence of said custom, together with the notice that was given, establishes, as a matter of law, a waiver on the part of the appellant association of the provision in the certificate reading: "A failure to pay said dues or assessments within fifteen days after date of call shall forfeit her membership to this association." It has been said that, "Forfeitures are not favored, and the courts will quickly seize upon any fact or circumstance reasonably evidencing an intention not to insist upon the forfeiture." Fidelity Lloyds of America v. Geddie, 116 Tex. 656, 296 S. W. 500. Waiver may be shown by proof of a course of dealing. Insurance Co. v. Bell, 25 Tex. Civ. App. 129, 60 S. W. 262; Mutual Life Ins. Co. v. Davis (Tex. Civ. App.) 154 S. W. 1184; Continental Casualty Co. v. Bridges (Tex. Civ. App.) 114 S. W. 170; Jefferson Standard Life Ins. Co. v. Hicks (Tex. Civ. App.) 264 S. W. 1033. The custom shown by the agreement of the parties was but a course of dealing, the existence and nature of which being agreed to, compels the inference of an intention not to insist upon a forfeiture as prescribed in the contract.

It may be granted that the fact that forfeiture of the membership fifteen days after the date of call was waived is not alone conclusive that there had been no forfeiture at the date of the death of the member. This is a question that naturally springs out of the other, and is not very adequately dealt with in the briefs. Appellee, on the authority of Mutual Life Ins. Co. v. Davis (Tex. Civ. App.) 154 S. W. 1184, 1189, contends, in the language of that decision, that "a forfeiture once waived is always waived, and can never thereafter be interposed." If, however, such be a correct declaration of the law, the result would be that the insured would continue indefinitely to have the benefit of a protection, without payment therefor, which clearly the contract contemplated should continue only upon condition that the dues and assessments be paid. Here the waiver is shown by a course of dealing, which was a custom known to the association and the members. This custom was to declare a forfeiture after eight days from the third notice. Is the existence of the custom to be available as a waiver, and

at the same time appellee not be bound by the custom in so far as it does contemplate a forfeiture upon a certain contingency after the time provided for forfeiture in the contract? To hold that appellee is bound by all the requirements of the custom would be to permit proof of a custom to change the provisions of a contract and thereby in effect make for the parties a different contract than that they expressed. We question if a custom can be given such effect. The custom, we think, constitutes such conclusive proof of a waiver as precluded forfeiture until such time as the party entitled to rely upon the waiver is given definite and reasonable notice of some future time when the forfeiture will be insisted upon. The principle is thought to be the same, or analogous to, that considered by this court in Buck v. De Shazo, 5 S.W.(2d) 878, wherein it was held that one who had waived the time of performance of a contract by the other party could not rescind the contract without first giving reasonable notice of a time when rescission would be claimed. The correct rule, we think, was stated by Judge McClendon in Calhoun v. The Maccabees (Tex. Com. App.) 241 S. W. 101, 105, wherein it was said: "The continuing right of defendant in error to collect past due assessments, and to enforce such collection by forfeiting the certificate, may be conceded. Our holding is only to the effect that when once this forfeiture, or right to forfeit is waived *it can only be revived by notice to the certificate holder or his accredited agent, coupled with a reasonable opportunity to discharge the amounts delinquent.*" (Italics ours.)

There was evidence tending to show that the third notice was never received. Had it been, it could well be argued that such notice, aided by the member's knowledge of the custom, would have authorized the forfeiture eight days after the third notice was mailed, under the rule just quoted. We have concluded that, in the instant case, the evidence shows that, before the death of the member, she had no notice of a definite time when, notwithstanding the previous waiver, a forfeiture would be claimed, and that therefore the membership had not ceased at the time of her death.

It is true that there was no finding on the issue of waiver comprehended in the jury's special verdict. The issue of waiver was not submitted nor requested. Under such circumstances, this court held, in Goodwin v. Abilene State Bank (Tex. Civ. App.) 20 S.W.(2d) 1090, that the issue was waived and could afford no support for the judgment, even though the facts were undisputed. Since that time, however, upon a divided opinion, this court held that, where an issue made by the pleadings and necessary to the

support of a judgment was established by the undisputed evidence, it was unnecessary to have a verdict directed as to such issue, and same would support the judgment without any express finding thereof by the jury or the judge. Livezey v. Putnam Supply Co. (Tex. Civ. App.) 30 S.W.(2d) 902; Roberts v. J. B. Colt Co. (Tex. Civ. App.) 31 S.W.(2d) 196. As a writ of error was refused in the first case and dismissed in the second, it would appear that the Supreme Court has adopted the view of the majority, the effect of which is to overrule the earlier holding in Goodwin v. Abilene State Bank, supra.

Appellee's contention, therefore, that the judgment is contrary to the verdict, is, under the principle of these decisions, without merit.

We are therefore of opinion that no reversible error has been shown, and that the judgment of the trial court should be affirmed, which is accordingly so ordered.