**CRADDOCK v. WASHINGTON NAT. INS. CO.**

No. 4708.

Court of Civil Appeals of Texas. Texarkana.
April 25, 1935.

Rehearing Denied May 2, 1935.

Sam Williams, of Mt. Pleasant, and Wm. Hodges and Aubrey Cannon, both of Texarkana, for appellant.

J. A. Ward, of Mt. Pleasant, for appellee.

HALL, Justice.

On January 8, 1934, appellant filed his amended petition in the district court of Titus county against appellee wherein he sought to recover $930 as disability benefits due him under a certain accident policy issued by the appellee, and the sum of $350

as attorney's fee, and the statutory penalty of 12 per cent. He alleged that by virtue of the terms and conditions of the policy he was entitled to payment for his injury for a term of 104 weeks at $10 per week. He made the usual allegations in his amended petition to the effect that he was the holder of a benefit certificate issued by the appellee, by the terms of which it agreed to pay him a weekly indemnity of $10 per week for accidental injury. He alleged, further, that he was injured on October 4, 1931, through accidental means in that he accidentally shot himself through the leg and knee with a pistol; that said injury incapacitated him from performing work of any nature from the date of said injury up to and including October 14, 1933, being a total of 104 weeks. He alleged in his petition that the policy excepted from that class of injuries for which it was liable "gunshot wounds." He alleged, further, that after he had received the accidental gunshot wound the fact was made known to the agent of the company who furnished him with certain blanks to fill out and mail to the company as proof of injury. He mailed these blanks to the company, stating the nature of his accident, and the company paid him for 11 weeks at the rate of $10 per week. It then declined to pay any further weekly installments on the ground that under the terms of the policy it was not liable for an accident of the character complained of. It is undisputed that the policy held by appellant excepted from liability injury from gunshot wounds. This fact was alleged by the appellant in his amended petition, but he alleged further that the company having paid him 11 weeks' indemnity for an accidental injury produced by a gunshot wound, had waived this condition of the policy, and was therefore bound and obligated to pay him the remaining 93 weekly installments, and was estopped from denying its liability by virtue of such waiver. He alleged also that he had gone to considerable expense in securing and preparing claims and proof of injury.

The appellee answered by general and special exception, general denial, and certain special defenses.

On January 9, 1934, the trial court sustained the general and special exceptions to appellee's amended original petition. The appellant declined to amend, whereupon the trial court entered judgment dismissing said cause of action. From this judgment, the appellant prosecutes his appeal.

■ In passing upon this appeal, it will be necessary for us, and we do consider the allegations of plaintiff's petition as true. The only question in this case is: Did the appellee by the payment of 11 weekly installments of $10 each waive the condition incorporated in its policy to the effect that it would not be liable for any accidental injury arising from gunshot wounds? The policy of insurance entered into between appellant and appellee was a simple contract, certain conditions imposing obligations on each of the parties thereto. It seems to us fundamental that the appellee, if it desired, could waive any provision of the contract beneficial to it. This, we believe, it could do either in express terms or by its acts and conduct. It has been held by the courts of this state in numerous decisions that an insurance company by its acts and conduct can waive its right to forfeit a policy of insurance, even for nonpayment of dues, or by accepting a lesser amount than was due for a certain class of risk where it had full knowledge of the facts. The insured is not required to do anything. There need not be a new agreement, nor is there any necessity for a new consideration. In the case of Equitable Life Assurance Society v. Ellis, 105 Tex. 526, 147 S. W. 1152, 1157, Judge Phillips of the Supreme Court states the rule with reference to waiver as follows: "It was forcibly emphasized in argument by counsel that Ellis was at no time misled by the company, and, although the company was endeavoring in this negotiation to provide a way for the continuance of the insurance, at no time did he comply with any of its proposals but at all times refused to act upon any of them. That he was not misled at any stage of the negotiation would be a conclusive argument were the question before us merely one of estoppel. But the question here is one of waiver, and it was not necessary for Ellis to have been misled for a waiver of the forfeiture to be accomplished. The issue of waiver is not to be determined by what Ellis did or omitted to do. It should be considered only in the light of what the company did. Ellis had no power to waive the forfeiture, and his conduct or mental condition could have had no probative force upon the question as to what the company did or intended to do, or upon the effect to be given its action. It alone had the power to waive. Its action alone could constitute a waiver. Waiver is essentially unilateral in its character; it results as a legal consequence from some

act or conduct of the party against whom it operates; no act of the party in whose favor it is made is necessary to complete it. It need not be founded upon a new agreement or be supported by a consideration, nor is it essential that it be based upon an estoppel."

A rehearing of this case was denied by the Supreme Court, 105 Tex. 540, 152 S. W. 625, 628, wherein this statement is made: "If it [the insurance Company] desired and intended to relinquish its right of forfeiture, it ought not to be held that its power to do so was entirely dependent upon a showing that Ellis was in some way deceived." This holding, it seems to us, makes it clear that there is nothing for the insured to do in order to establish a waiver on part of the company insuring him. Its acts are voluntary. As said by the Supreme Court of Alabama in Queen Insurance Co. v. Young, 86 Ala. 424, 430, 5 So. 116, 118, 11 Am. St. Rep. 51: "Conditions in a policy of insurance limiting or avoiding liability are strictly construed against the insurer, and liberally in favor of the assured. Though a waiver may be in the nature of an estoppel, and maintained on similar principles, they are not convertible terms. The courts not favoring forfeitures are usually inclined to take hold of any circumstances which indicate an election to waive a forfeiture. A waiver may be created by acts, conduct, or declarations insufficient to create a technical estoppel."

The above cases, of course, have to do with the waiver of right of forfeiture upon certain conditions.

The case which we think is in point with the one now before this court is Fidelity Lloyds of America v. Geddie, 116 Tex. 656, 296 S. W. 500, 502, by Judge Speer of the Commission of Appeals. In this case the company issued its policy of fire and theft insurance on a certain automobile owned by one Geddie. In said policy there was a provision that Geddie was to keep said automobile continuously equipped with a locking device known as Dill wheel, and that said wheel was to be locked when the automobile was unattended. The automobile was left on a street in Dallas unattended and the wheel unlocked, during which time it was stolen. There was a loss payable clause in said policy in favor of the McFarland Investment Company as its interest might appear. The insurance company paid McFarland Investment Company the amount of money due it by Geddie, but refused to pay Geddie the remainder due under the policy because of his breach of the condition in the policy of keeping the automobile wheel locked when unattended. In answering certified question of the Court of Civil Appeals, Judge Speer used this language: "The breach by appellee of his warranty with respect to keeping his car locked when the same was left unattended constituted a complete defense to appellant, unless the same was waived by its conduct in paying the McFarland Investment Company. Now, waiver is not identical with estoppel, and there need not be shown any act or conduct of the assured with respect thereto, since waiver is wholly the act of the insurance company. It is therefore not necessary that any consideration should appear." Judge Speer also cites the case of Equitable Life Assur. Soc. v. Ellis, supra.

■ To the same effect is the case of Webber v. Fidelity Lloyds of America (Tex. Civ. App.) 271 S. W. 118, 119, an opinion by Judge Willson of this court, wherein the following statement is made: "In that view the payment by appellee to the bank in legal effect was a payment to appellant; and there is no doubt, *as shown by the authorities we have cited, if the payment had been made to him it would have operated as a waiver.*" (Italics ours.)

It seems to us that the amended petition of appellant was sufficient on the question of waiver of the condition in the policy to admit of proof of such question; as said in the case of Morris et al. v. Travelers' Insurance Co. (Tex. Civ. App.) 43 S. W. 898, 900: "If the evidence, *however weak it may have been,* raised an issue of fact as to the waiver, it should have been submitted to the jury." (Italics ours.)

Therefore, in our opinion, the judgment of the trial court should be reversed and the cause remanded, and it is so ordered.