## HOME BENEFIT ASS'N v. AYCOCK.
### No. 1641.

Court of Civil Appeals of Texas. Waco.
Oct. 31, 1935.

Rehearing Denied Dec. 19, 1935.

Oltorf & Oltorf, of Marlin, and Richey & Sheehy, of Waco, for appellant.

Chas. M. Harris, of Mart, for appellee.

ALEXANDER, Justice.

This action was brought by Mrs. Lura Aycock to recover on a mutual benefit certificate issued on the life of Thomas A. Aycock. A trial before the court without a jury resulted in judgment for plaintiff. The defendant appealed.

The insurance association, which was a local mutual aid association, defended on the ground that the policy had lapsed for failure to pay a death assessment. The policy or certificate of insurance contained the following provision: "It is further agreed that failure to pay any assessment, so levied, within ten days from date of call, or to pay said annual dues, as stated, shall forfeit all claims as a member of this association. * * *" The by-laws provided, in part, as follows: "Members shall be automatically suspended for failure to pay assessments or dues within the specified time in accordance with the terms of his membership certificate or because of misrepresentation as set forth in the application for membership or reinstatement. However, a member cannot be suspended because of failure to pay an assessment or annual dues until thirty (30) days from the date on the first notice calling for same. * * *"

A regular assessment was levied on February, 1, 1933, and notice thereof was mailed to the insured. This notice was dated February 1, 1933, but was not mailed until February 3d. It read, in part: "Unless paid by Saturday, Feby. 11, 1933, your policy will be suspended." On February 16th another notice was sent, which read, in part, as follows: "*Second Notice.* Not yet received remittance or a deposit from any depository. Errors are possible. If paid send us receipt."

On February 22d a third notice was sent which read, in part, as follows: "*Yes or No.* If you want this insurance, pay it now or come and see us. If you want to drop it please show us the courtesy of saying so."

On February 28th a fourth notice was sent containing the following statement:

"*Last Notice before Lapsation.* Unless this assessment is paid your policy will be lapsed at close of business March 4th, 1933. Payment at any of our depository banks or through the United States mail, postmarked after the above date shall not reinstate your membership or memberships unless and until evidence of insurability acceptable to this association is furnished."

Thereafter, on March 6th, the following notice was sent to the insured: "*Last Notice.* Although now lapsed you may tender payment for this and the previous card direct to this office but not at any depository bank. Such tender of payment on your part shall not, however, place your policy in effect unless and until upon our investigation we are satisfied as to your eligibility. If we find you ineligible, the amount tendered will be refunded."

It was agreed in open court that all of the notices referred to were received by the insured. The insured became ill on March 14th and was never able to return to his work. His brother sent a cashier's check to the insurance association on March 21, 1933, for the amount necessary to cover the assessment above referred to. Before the association had an opportunity to investigate the condition of the insured's health, he died, and thereafter on April 4th the association returned the cashier's check without having cashed same. The assessment was not otherwise paid.

▆ Vernon's Ann.Civ.St. art. 4875a—17, provides, in part, as follows: "Before suspending any member from membership it shall be necessary for the Association to mail a notice, by first class mail, to the member which notice shall state the final date of payment." The appellee contends that the insured was never notified of the final date of payment of said assessment, as provided in the above statute, for the reason that none of the notices sent him contained the correct date as the final date of payment. Assuming that under the above statute the notice there provided for must specify the *correct date* as the final date of payment, as was apparently held in the case of Citizens' Mutual Aid Ass'n v. Williams (Tex.Civ.App.) 43 S. W.(2d) 976, we come to a consideration of what was the final date on which payment could be made and a forfeit avoided.

With reference to the manner in which notice was to be given, the certificate provided: " * * * In giving notice of * * * any assessment, it shall not be necessary for the association to do more than mail one written or printed notice properly stamped and addressed to such member at his or her last known post office address." Said certificate further provided that the benefits thereof should be forfeited if the insured failed to pay an assessment "within ten days from date of call." The date of the call in question was February 1st, but assuming that the call did not become effective until notice thereof was mailed, as contended by appellee and as seems to have been contemplated by the policy, the association had a right, so far as the terms of the certificate are concerned, to forfeit the policy at any time after ten days from February 3d. The by-laws provided that a member should be automatically suspended if he failed to pay an assessment within the time specified in the policy, but added the further provision, presumably for the protection of the policyholder, that a member could not be suspended "until thirty days from the date *on* the first notice calling for same." (Italics ours.) The date on the first notice calling for the assessment was February 1st. Allowing thirty full days from this date, the association, under this provision, could have forfeited the policy at any time on or after March 3d. The association had a right to grant an additional day's grace if it saw fit and to name March 4th as the last day of payment. The notice sent out on February 28th in which the insured was advised that March 4th was the last day on

which payment could be made, gave the correct date as the final date of payment, and therefore fully met all of the requirements of the statute above referred to.

Appellee attempts to justify the insured's failure to pay the assessment on the ground that at the time in question all of his funds were on deposit in a local bank and the act of the Governor of the state in declaring a "bank holiday" on March 2, 1933, prevented a use of said funds for the purpose of paying the assessment in question. The proclamation of the Governor did not purport to suspend payment of financial obligations generally, and consequently the insured was not thereby relieved of the necessity of paying the assessment if he desired to continue his insurance. Moreover, the insured did not forward to the association a check on said bank account for the amount of the assessment, nor otherwise attempt to transfer any part of such funds to the account of the association. Appellee's contention in this respect is overruled. Brotherhood of Railway Trainmen v. Dee, 101 Tex. 597, 111 S.W. 396, par. 5.

Under the undisputed evidence, the policy lapsed for failure to pay an assessment, and appellee was not entitled to recover thereon.

The judgment of the trial court is reversed, and judgment here rendered that appellee take nothing.